IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD JOSEPH MCNATT, :
      Petitioner. :
       :
    V. : C.A.No. 05-124 ERIE
       :
JUDGE OLIVER J. LOBAUGH, :
et al. :
      Respondent. :

SCANNED

REBUTTAL TO COMMONWEALTH'S ANSWER TO PETITION
FOR WRIT OF HABEAS CORPUS

AND NOW, comes the petitioner, Edward J. McNatt, and submits the following rebuttal to respondent's answer to the petition for writ of habeas corpus filed in the above captioned case:

I. PROCEDURAL HISTORY AND STATEMENT OF FACTS:

    1. Petitioner agrees.

    2. Petitioner agrees.

    3. Petitioner rebuts and submits that he was not informed that the theft by deception at CR No. 183-98 was a separate case. He was led to believe that the theft by deception was from the forgery charge on docket CP No. 182-98.

    4. Petitioner agrees.

    5. Petitioner agrees.

    6. Petitioner agrees.

    7. Petitioner assumes this to be true.

    8. Petitioner does not remember watching any video but, he might have.

    9. Petitioner rebuts and states that, at the time of sentencing he believed that the forgery charge was valid and that the theft by deception charge was from that forgery. Counsel stating that it did not matter where the check was forged, constituted a forgery charge and that counsel refused to show petitioner any/all paperwork regarding said charges, he believed that he understood his legal rights.

    10. Petitioner rebuts and offers the same answer as (9) above.

    11. Petitioner agrees and rebuts that, petitioner was not aware that the crime of docket CP No. 183-98 occurred while petitioner was incarcerated and was under the belief that, although petitioner was already charged and convicted of the forgery charge, he could still be charged with and sentenced on the forgery again. Also, petitioner was led to believe that the theft by

deception charge was from the forgery charge so, he had no evidence to present. He trusted that his court appointed counsel and the District Attorney was being truthful.

12. Petition agrees but also rebuts that, since he did not know anything about the law and trusted in his counsel, he could not proclaim his innocence or the double jeopardy sentence when he knew nothing about it.

13. Petitioner agrees.

14. Petitioner agrees and adds that, he was denied his guaranteed right to direct appeal and counsel failed to file as was requested.

15. Petitioner agrees.

16. Petitioner assumes that this is correct but has no direct knowledge of this.

17. Petitioner assumes that this is correct.

18. Petitioner agrees.

19. Petitioner agrees.

20. Petitioner agrees.

21. Petitioner agrees and also submits that, at the same time counsel was granted, counsel was also give an order to show cause why petitioner's P.C.R.A. should not be dismissed and being untimely filed. Counsel has still done nothing.

22. Petitioner agrees and submits that, in his letter, he complained about counsel not responding to any letters or communicating in any way, with petitioner.

23. Petitioner agrees.

24. Petitioner agrees.

25. Petitioner agrees.

26. Petitioner agrees.

27. Petitioner agrees and submits that the Rules of Procedure state that a habeas corpus must be answered within twenty (20) days. Also, the Rules of Procedure state that, if no answer is given, it is the equivalent of being denied.

28. Petitioner agrees.

29. Petitioner agrees.

30. Petitioner agrees.

31. Petitioner agrees.

32. Petitioner agrees.

33. Petitioner agrees.

34. Petitioner agrees.

35. Petitioner agrees.

36. Petitioner rebuts and submits that he filed a Praecipe for Entry of Order to have his habeas corpus deemed denied by operation of law because the time had already elapsed without any notice or hearing.

37. Petitioner agrees.

38. Petitioner agrees but submits that, if there are two (2) different cases, his habeas corpus should not of been dismissed for "hybrid representation" because they deal with different facts.

39. Petitioner agrees and adds that, during the video conference, counsel stated that he would help him and start working on his case. He has still done nothing and petitioner is trying to have counsel removed.

40. Petitioner agrees in part and adds that he also included his absolute innocence of docket CP No. 183-98.

41(a)(b)(c)(d)(e) Petitioner agrees.

42. Petitioner rebuts and submits that, the copy he received from respondent's attorney, did not include any exhibits mentioned in her answer. Petitioner does not agree.

43. Petitioner agrees.

44. Petitioner agrees.

II. ALLEGATIONS OF PETITIONER IN WRIT OF HABEAS CORPUS:

(a)(b)(c)(d) Petitioner agrees.

(e) Petitioner agrees in part but submits that he also claimed absolute innocence.

(f) Petitioner agrees.

III. DISCUSSION:

Petitioner submits that he has exhausted all state remedies. Even though the Commonwealth did not answer his habeas corpus in the time alloted by law, the Commonwealth still argued that it was pending in their court so that petitioner would be denied any relief. The Commonwealth had no intention of hearing petitioner's habeas corpus and has no intention of hearing his P.C.R.A. The Commonwealth's own answer admits that CP No. 183-98 was a crime that occurred on August 6, 1997. Petitioner has already proven, by his commitment credit from Lackawanna County, that he has been incarcerated since July 20, 1997. The Commonwealth was aware of this prior to charging him but, still elected to pursue these charges. Without arguing the forgery charge on

CP No. 182-98, petitioner should have a maximum release date of October 20, 2005. Venango County, by refusing to allow petitioner meaningful access to the court and refusing to allow him to include his absolute innocent claim which became known to him in July 2004, is causing him to be incarcerated long after his maximum sentence is complete. Petitioner has tried, in every way, to have his sentence corrected and case CP No. 183-98 removed from his record but to no avail. Petitioner has been denied his direct appeal, been denied any/all paperwork concerning the crimes, and is now being denied the opportunity to prove his innocence although Venango County already knows that he could not of committed the crimes on CP No. 183-98.

Petitioner has had his P.C.R.A. in the Venango County Courts since July 2004 and nothing has been done and no hearings scheduled. Petitioner was not aware of the theft by deception case until after he filed his P.C.R.A. and thus, the reason for the habeas corpus. When Judge Lobaugh dismissed petitioner's habeas corpus he stated that petitioner could have the issues from his habeas corpus attached to his P.C.R.A. Counsel has refused to do this and petitioner has asked the judge to order it attached and the judge has refused to do so. Petitioner is being denied access to the court and although his innocence is proven on CP No. 183-98, the court is refusing to correct the mistake.

The Commonwealth's own answers show that petitioner has indeed, exhausted all state remedies and has shown that Venango County has no intention of hearing any claim of petitioner's innocence.

There is no reason, other than vindictiveness, that Venango County is not allowing petitioner to claim his innocence. Absolute innocence is not time barred even when a plea was given. The fact that petitioner agreed to the plea, shows this court that petitioner was unaware of what his attorney and prosecutor was doing to him. Petitioner was told, during his video conference by Judge Lobaugh that, petitioner could be recharged with the forgery charge if it was "forgery-utters false impression". Petitioner was not charged with uttering false impression, he was charged with unauthorized act in writing, in which he was already charged and convicted of, in Lackawanna County. Knowing this, Venango County is still refusing to hear petitioner's case.

IV. CONCLUSION:

WHEREFORE, petitioner respectfully requests this Honorable Court to grant petitioner's writ of habeas corpus and:

1. Dismiss CP No. 183-98 from petitioner's record;

2. Order the money petitioner paid into Act 84 on CP No. 183-98, to be returned to petitioner; and

3. Grant petitioner a jury trial on the double jeopardy forgery charge.

                                      Respectfully Submitted,

                                      *Edward Joseph McNatt*
                                      Edward Joseph McNatt
                                      Petitioner, pro se
                                      Inst. No. DL-6772
                                      P.O. Box 1000
                                      Houtzdale, PA 16698

Dated: August 9, 2005.

PROOF OF SERVICE

I hereby certify that I am on this 9th day of August, 2005, I am serving the foregoing Rebuttal of the Commonwealth's Answer to Petition for Writ of Habeas Corpus upon the persons and in the manner indicated below which service satisfies the requirements of Pa.R.A.P. 121:

SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

Maria Battista Kerle, Esq.
Assistant District Attorney
Venango County Courthouse
Franklin, PA 16323

Clerk of the District Court
P.O. Box 1820
Erie, PA 16507

Respectfully Submitted,

Edward Joseph McNatt
Petitioner, pro se

Dear Clerk of Courts:

   Find enclose my original Rebuttal to the Commonwealth's Answer for Petition of Writ of Habeas Corpus, along with my proof of service.

   Thank you for your time in this matter.

Dated: August 9, 2005.

Respectfully Submitted,

*Edward Joseph McNatt*
Edward Joseph McNatt
Petitioner, pro se
Inst. No. DL-6772
P.O. Box 1000
Houtzdale, PA 16698