IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY
PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

vs.

EDWARD J. McNATT

CR No. 182 - 1998

CR No. 183 - 1998



BEFORE THE HONORABLE OLIVER J. LOBAUGH, JUDGE,

VENANGO COUNTY, PENNSYLVANIA, IN COURTROOM I,

COURTHOUSE, FRANKLIN, VENANGO COUNTY,

PENNSYLVANIA, OCTOBER 20, 1998,

COMMENCING AT 4:24 p.m.

### STATE SENTENCE

APPEARANCES:

Robert Grossi, Esquire - For the Commonwealth
Assistant District Attorney
Courthouse
Franklin, Pennsylvania   16323

Blair Hindman, Esquire - For the Defendant
Assistant Public Defender
Courthouse
Franklin, Pennsylvania 16323

Melissa R. Keating, RPR
Official Court Reporter
Courthouse
Franklin, Pennsylvania   16323

1

13

| | |
|---|---|
| 1 | THE COURT: I want to advise you of your legal |
| 2 | rights. |
| 3 | Where a presentence investigation has been |
| 4 | ordered, counsel has had the opportunity to inspect |
| 5 | the report. Your counsel should go over the report |
| 6 | with you before you appear for sentencing today. |
| 7 | Any sentence by this Court is intended to meet |
| 8 | the criteria established by the Pennsylvania |
| 9 | Sentence Code, the rules of the Pennsylvania Supreme |
| 10 | Court, and the sentence guidelines applicable to |
| 11 | your case. |
| 12 | We state that for anyone who's in pretrial |
| 13 | confinement, your good conduct while in pretrial |
| 14 | confinement has been a factor in your sentence and |
| 15 | has been considered. |
| 16 | Any criminal record that is contained in a |
| 17 | presentence investigation without a disposition of |
| 18 | the charge was given no consideration in this |
| 19 | sentence. |
| 20 | With regard to your sentencing, I now want to |
| 21 | advise you of how you go about obtaining a review of |
| 22 | your sentence and of the proceedings up to this |
| 23 | point in the event you want this Court to review the |
| 24 | proceeding or you want to appeal to an appellate |
| 25 | court. |

14

1            If you pleaded guilty, you have a right, within
2    ten days from today, to file a motion with this
3    Court asking to be allowed to withdraw your guilty
4    plea.  If you ask to be allowed to withdraw your
5    guilty plea, the Court will conduct a hearing.  If
6    the Court finds that a manifest injustice would
7    occur if we denied your request to change your plea,
8    the Court would allow you to withdraw your guilty
9    plea.
10           You also have the right to file a post-sentence
11   motion within ten days of sentence, challenging the
12   validity of your plea of guilty.  For instance, you
13   could assert the plea was not intelligently or
14   voluntarily made by you.
15           You could, within ten days following
16   sentencing, file a motion challenging the
17   jurisdiction of the Court or assert the
18   ineffectiveness of your trial counsel or assert that
19   your sentence is illegal.  You also have the right
20   to file a motion to modify your sentence within ten
21   days from today.
22           For those of you who did not plead guilty but
23   had a trial, in addition to your right to move to
24   modify the sentence, you have the right to file a
25   motion for judgment of acquittal and a motion for

```
 1        new trial within ten days of sentencing.
 2                You should understand that issues raised before
 3        or during trial shall be deemed preserved for appeal
 4        whether or not you elect to file post-sentence
 5        motions.
 6                If you file post-sentence motions, the Court
 7        may schedule a time to file briefs within ten days.
 8        The judge must decide the post-sentence motion
 9        within 120 days of filing the motion, but may grant
10        one extension of thirty days. If the judge fails to
11        decide the matter within 120 days of filing -- or
12        150 days with extension granted -- the motion will
13        be deemed denied as a matter of law.
14                If your post-sentence motion is denied, you
15        have the right to appeal the Sentence Order to the
16        Pennsylvania Superior Court.  Your right to appeal
17        to the Pennsylvania Superior Court expires thirty
18        days after the date of sentencing or thirty days
19        after the Court files an Order resolving your
20        post-sentence motion, if you have filed a
21        post-sentence motion within ten days following
22        sentencing.
23                If you file post-sentence motions or take an
24        appeal, you have a right to counsel.  If you cannot
25        afford counsel, counsel will be appointed for you.
```

1       The counsel you presently have will continue to
2  represent you in filing your post-sentence motion if
3  that counsel is court appointed. However, you must
4  inform counsel and discuss with counsel your desire
5  that post-sentence motions be filed.
6       If the Court should rule favorably on your
7  post-sentence motion, depending upon the nature of
8  the relief sought, the sentence could be set aside
9  or your guilty plea could be set aside and you could
10 be granted a new trial, as would be appropriate. If
11 the Court refuses your motion, as we have heretofore
12 stated, your appeal lies with the Pennsylvania
13 Superior Court. In any event, the appeal to the
14 Pennsylvania Superior Court must be filed within
15 thirty days either from the date of the sentence or
16 thirty days from the date the Court acts finally on
17 your post-sentence motion, whichever is later.
18      If you intend to appeal the Sentence Order to
19 the Superior Court, it is possible to remain on bail
20 pending appeal, but your counsel must discuss this
21 topic with the Court during the sentence hearing.
22      You are advised that if you have other offenses
23 pending within Venango County, you may want to
24 discuss the other offenses with your defense
25 attorney before you appear before the Court for

sentencing. Sentences frequently run concurrently. It may be in your best interests to have those other charges disposed of before you are sentenced on the present charges.

You are advised that if you were on parole at the time you committed the offenses for which you are being sentenced today, you may, as a matter of course, because of the sentence imposed today, be recommitted as a parole violator and ordered to serve the remainder of the term that you would have been required to serve had you not been paroled. In that event, your street time may be taken and you would be given no credit for the time while you were at liberty on parole.

In the course of the sentence hearing today, you have the right to call witnesses and present other information to the Court relative to your sentence. You may make a statement and your counsel may make a statement. The information should be related to your character, your physical and mental condition, or anything that extenuates or mitigates the circumstances relating to the offense which is the subject of this sentence hearing. You have the right to point out any inaccuracies of fact or erroneous conclusions that may exist in the

1       presentence or other reports that the Court has and

2       is considering for purposes of your sentence.

3              Your fines, costs, and restitution are payable

4       right away.  In the event they are not paid within

5       thirty days of the date of the sentence, you are

6       subject to being cited for contempt for failure to

7       pay fines, costs, and restitution.  If you believe

8       you do not have the capacity to pay your fines,

9       costs, and restitution right away, you should meet

10      with the Collections Coordinator, whose office is on

11      the third floor of the Courthouse Annex, Room 321,

12      and work out an extended payment agreement.  If you

13      have not entered into an extended payment agreement

14      or paid the fines, costs, and restitution within

15      thirty days of the date of sentence, or within 48

16      hours of the date of release on parole, you will be

17      subject to revocation of parole or contempt.

18             Thank you.  You may be seated.

19      (Whereupon the cases were called individually

20      for sentencing.  The within case was called at

21      4:24 p.m., at which time the Defendant

22      approached the bar with counsel and sentencing

23      proceeded as follows:)

24             MR. GROSSI: Commonwealth versus Edward McNatt.

25             THE COURT: Let the record show that the Defendant,

7

19

Edward J. McNatt, appears with counsel, Blair Hindman.

I've advised you of your legal rights. Did you understand those rights?

THE DEFENDANT: Yes.

THE COURT: Do you have any questions you would like to ask me?

THE DEFENDANT: No, Your Honor.

THE COURT: Do you understand how you may present evidence at this sentencing hearing?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Hindman, have you had an opportunity to review the presentence investigation report with your client?

MR. HINDMAN: Your Honor, we didn't have a presentence investigation. We did had have a rap sheet, which I reviewed and discussed with District Attorney Grossi.

THE COURT: That's right. I believe Mr. McNatt indicated at the time of his guilty plea that he had a presentence investigation report from another county and he would be furnishing that.

MR. HINDMAN: That's correct.

THE COURT: I believe that was checked into and there is no PSI in that other county.

1    MR. HINDMAN: I think he did get a chance to look

2    at it in the other county, and we called up and

3    didn't have any luck getting that faxed to our

4    office. They, of course, would not give it to Mr.

5    McNatt, so we were not able to --

6  THE DEFENDANT: The counselor at Houtzdale, she

7  said it had to be a Court Order; it had to be

8  Court Ordered in order for her to send it.

9    THE COURT: All right. We're going to proceed on

10    the basis of this rap sheet today.

11    MR. HINDMAN: Yes, Your Honor.

12    THE COURT: Guidelines and ranges?

13    MR. GROSSI: Yes, Your Honor.

14    The Defendant at CR No. 182 of 1998 pleaded

15    guilty to Forgery, a Felony of the Third Degree.

16    That carries with it an Offense Gravity Score of

17    three. The Defendant's Prior Record Score is five.

18    Standard range sentence is --

19    THE COURT: I have R-Fel.

20    MR. GROSSI: Umm, that very well -- that could be

21    the case, Your Honor. I -- repeat felon?

22    THE COURT: The Court has R-Fel for Prior Record

23    Score. There's no -- I believe it yields a standard

24    range of twelve to eighteen; aggravated would be

25    plus three; and the mitigated would be minus three.

9

1     I believe that's true of the other case, CR 183 of
2     1998.
3         MR. GROSSI: Well, the Defendant -- I don't know.
4     I suppose so.
5         There's, like, six or seven prior forgery
6     convictions, some of them are showing Felonies of
7     the Second Degree.  If that's so, then it probably
8     would be R-Fel.
9         MR. HINDMAN:  Your Honor, we agreed that it was
10    five beforehand, but we had some difficulty with the
11    rap sheet.
12        THE COURT: All right.  Does the Commonwealth agree
13    that it's five?
14        MR. GROSSI: The Commonwealth would stipulate that
15    it's five.
16        THE COURT: All right.  Which yields standard range
17    sentences of --
18        MR. GROSSI: Six to sixteen months; aggravated
19    range, sixteen to nineteen months; mitigated range
20    sentence of three to six months.
21        Okay. The Defendant also pleaded guilty at CR
22    183 of 1998 to Count Number 5, Theft by Deception, a
23    Misdemeanor of the First Degree, which, once again,
24    is an Offense Gravity Score of three, Prior Record
25    Score of five, would be a standard range sentence of

six to sixteen months; sixteen to nineteen months in the aggravated range; and three to six months in the mitigated range.

Commonwealth has agreed to nol-pros the remaining counts.

The Defendant agrees to pay restitution on all five checks, including a $20 charge on each check.

There is a victim impact statement from Henry Stricek, and he is seeking restitution at CR 183 of 1998 of $853.15.

At CR 182 of 1998, the -- the amount of restitution would be $159.17.

THE COURT: And that's --

MR. GROSSI: And that's -- the victim in that case is William and Frances Reese.

THE COURT: I'm sorry. William --

MR. GROSSI: William and Frances, F-R-A-N-C-E-S, Reese.

THE COURT: Thank you.

MR. GROSSI: R-E-E-S-E.

The Defendant -- I believe the Defendant is currently serving a -- a state sentence on similar charges. The Defendant, obviously, has an incredibly long history of doing just what he's being sentenced here on, which is Forgery and

passing checks that have been forged, and Commonwealth recommends that any sentence given here would run consecutive to what he's now serving.

THE COURT: Thank you.

Mr. McNatt, you have an opportunity to make a statement.

MR. HINDMAN: Your Honor, before -- I think Mr. McNatt wants to make a statement later. I'd like to say a few things.

The other charges Mr. McNatt plead guilty to in Lackawanna County is the same charges we're talking about here today; very similar charges I should say: Forgery, Theft by Deception, et cetera. All these things occurred within a two to three week period, Your Honor.

Basically, Mr. McNatt was writing bad checks and/or signing names to the checks that were not his. He accepts --

THE COURT: Those are the problems he has in Lackawanna County.

MR. HINDMAN: These --

THE COURT: The other ones have accumulated over a lifetime.

MR. HINDMAN: These occurred several times in the past and he's not denying that.

I want to bring to the Court's attention those charges happened in a very short period of time. He's sentenced to two years two months to a six year maximum, and has been incarcerated in the state penitentiary since, I believe, mid-July of last year, 1997.

Your Honor, I think the charges here should be run concurrently, and I would also ask the Court to consider running these charges concurrently with the sentence he received in Lackawanna County because it was such a short period of time. Basically, he did do the acts. He forged his name on the checks and crossed county lines. That's the only reason why the charges were brought in two different counties.

Mr. McNatt has spoken to me on a few occasions and he has taken responsibility for what he's done. He doesn't say it was somebody else's fault. It wasn't, you know, I had a bad big brother or I had a rough upbringing. He has taken responsibility for his actions.

THE COURT: Made restitution?

MR. HINDMAN: He has made some restitution, I believe, but he's been -- it's been minimal because of his incarceration, Your Honor. He hasn't had the opportunity to work.

Since you brought that up, Your Honor, he agrees with those amounts.

THE COURT: That's at CR 183, $853.15.

THE DEFENDANT: (Nods head affirmatively.)

THE COURT: To Henry Stricek --

MR. HINDMAN: And the $159-and-some-odd-cents. I'm not sure what it was.

THE COURT: $159.17, William and Frances Reese, CR 182 of 1998.

MR. HINDMAN: Yes. He agrees to that.

Since he's been incarcerated, he's made some changes in his life. He has taken business classes. I believe he's trying to work towards some type of degree. And he's been a model inmate, and I think that should give some credit to what he's trying to do.

And I believe he did want to make some type of short statement.

THE DEFENDANT: Yes, Your Honor.

First thing, I'm sorry for what I done, not only for the crime but for the hurt and pain I've caused the victim.

Since being incarcerated for the past fifteen months, I finally passed my test for my business degree; pre-test anyway. Next

1   month I will be taking that test.

2       Not only that, Your Honor, I brought

3   programs in the prison since I've been there.

4   I run my own Christian counseling program in

5   the jail.

6       I'm trying do everything, not to

7   prove to anybody else, I'm sorry, but to prove

8   to myself that I needed to change.

9       That's what I'd like to say, Your

10  Honor.

11      THE COURT: All right.  Thank you.

12      Anything further?

13  (No response.)

14      THE COURT: At CR 183 of 1998, the SENTENCE AND

15  ORDER OF THE COURT on Count Number 5 is as follows:

16      AND NOW, October 20, 1998, THE SENTENCE AND

17  ORDER OF COURT is that you, Edward J. McNatt,

18  Defendant, pay the costs of prosecution, all other

19  costs, pay a fine of $300, and undergo imprisonment

20  in a state institution of the Department of

21  Corrections for an indefinite term, the minimum of

22  which shall be sixteen months, the maximum of which

23  shall be sixty months, to be computed from today's

24  date, there to be kept, fed, clothed, and treated as

25  the law directs, and stand committed to the Western

Diagnostic and Classification Center, Allegheny County, Pennsylvania, for compliance with the within sentence.

The Defendant shall make full restitution to the Clerk of Courts of Venango County for the use of Henry Stricek in the amount of $853.15.

THE SENTENCE AND ORDER OF COURT at CR No. 182 of 1998, is as follows:

AND NOW, October 20, 1998, THE SENTENCE AND ORDER OF COURT is that you, Edward J. McNatt, Defendant, pay the costs of prosecution, all other costs, pay a fine of $300, and undergo an imprisonment in a state institution of the Department of Corrections for an indefinite term, the minimum of which shall be sixteen months, the maximum of which shall be eighty-four months, to be computed from the expiration of the sentence imposed at CR 183 of 1998, there to be kept, fed, clothed, and treated as the law directs, and stand committed to the Western Diagnostic and Classification Center, Allegheny County, Pennsylvania, for compliance with the within sentence.

The Defendant shall make full restitution to the Clerk of Courts of Venango County for the use of William and Frances Reese in the amount of $159.17.

1  The sentence imposed herein shall run
2  consecutively to the sentence imposed at CR No. 183
3  of 1998.
4  The total period of confinement imposed by the
5  sentences is thirty-two months to one hundred
6  forty-four months.
7  Mr. McNatt, we've considered the information in
8  the presentence investigation report, your whopping
9  criminal record. Apparently you've made a career
10 out of this type of behavior. Obviously, you've
11 come to the end of the line as a forger and a person
12 who wants to engage in deception and fraud.
13 We impose this sentence because any lesser
14 sentence would depreciate the seriousness of these
15 crimes and because of your lengthy prior criminal
16 record.
17 (Whereupon this case concluded at 4:39 p.m.)

29

CERTIFICATION

I hereby certify that the proceedings and evidence contained herein are a full and accurate transcription of the stenographic notes of testimony taken by me on the hearing of these proceedings, and that it is a full and complete transcribed record of same.

*Melissa R. Keating*
Melissa R. Keating, RPR
Official Court Reporter

30

ORDER OF COURT

The foregoing record of the proceedings upon the hearing of the above cause, having been transcribed pursuant to the Rules of Judicial Administration, are hereby approved and directed to be filed.

_____
OLIVER J. LOBAUGH, Judge