PROOF OF SERVICE

APR 14 2004

Exhibit 21

I, EDWARD JOSEPH MCNATT hereby certifies that on this day I am serving a true and correct copy of the foregoing Motion to Strike Judgement of Order for Support upon the Person(s) and in the manner indicated below, which service satisfies the Pennsylvnaia Rules of Civil Procedure.

SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

VENANGO COUNTY COURTHOUSE
CLERK OF COURTS
C/O JUDGE, OLIVER LOBAUGH
LIBERTY ST.
FRANKLIN, PA 16323

FILED
COMMON PLEAS COURT
VENANGO COUNTY, PA
2004 APR 14 P 12:29
PEGGY L. MILLER
PROTHONOTARY AND
CLERK OF COURTS

Date: April 12, 2004          Edward Joseph McNatt

44

IN THE COURT OF COMMON PLEAS
IN THE COUNTY OF VENANGO, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA      Case Nos: CR 183/1998
          vs.                                         CR 182/1998

<u>EDWARD JOSEPH MCNATT</u>           Misc. No:

### ORDER

AND NOW it is hereby ORDERED and DECREED that the defendants instant petition for relief be granted, to wit:

1. No further monies shall be taken from the defendants, inmate prison account (DL6772) <u>EDWARD JOSEPH MCNATT</u> to such time as this court has held a hearing and made a determination as to the Petitioners ability to pay said costs, fines, and restitution; after the submission of the financial status of the petitioner.

2. That all monies taken purportedly under the premise of a non-existent ORDER by this court, be immediately calculated and refunded in total to the Petitioner, <u>EDWARD JOSEPH MCNATT</u> (DL6772), and notice of compliance with this ORDER be given to this Court by the PENNSYLVANIA DEPT. OF CORRECTIONS, SCI HOUTZDALE, RECORDS/INMATE ACCOUNTING DEPARTMENT by First Class Mail (United States).

3. It is further ORDERED that the clerk of court shall provide the defendant/petitioner along with all parties hereto, with a certified copy of this ORDER by First Class United States Mail, upon its execution.

4.

                                                       /s/ _____ J.
                                                             BY THE COURT

Date: _____, 2004 A.D.

45

COURT OF COMMON PLEAS
COUNTY OF VENANGO

COMMONWEALTH OF PENNSYLVANIA

vs.

EDWARD JOSEPH MCNATT

Case Nos: CR 183/1998
CR 182/1998

Misc. No: _____

## PETITION FOR RELIEF/REMEDY

TO THE HONORABLE, JUGDE _____ O. LOBAUGH_____ :

AND NOW COMES, DEFENDANT, EDWARD JOSEPH MCNATT AND RESPECTFULLY MOVES THE HONORABLE COURT FOR THE MOTION OF APPLICATION FOR RELIEF, IN SUPPORT, THE DEFENDANT AVERS THE FOLLOWING:

1. On October 20, 1998 A.D., defendant appeared in your courtroom to be sentenced on case numbers, CR 183/1998; CR 182/1998 _____, which defendant plead guilty to.

2. A sentence of incarceration at a State Correctional Facility was imposed along with substantial fines totaling $1,012.30+.

3. No determination was made at the time of sentencing as to defendants ability to pay said costs, fines, and/or restitution while incarcerated. See:

   > Under the principles of (Boofer v. Lotz 797 A2d. 1074 it was decided that the "trial court was required to make a determination of the ability to pay court costs, prior to ordering a twenty (20) percent deduction from the inmates account to satisfy those costs". It also states that " Moreover the DEPARTMENT OF CORRECTIONS does not have any independent authority to determine the amount of the installment payment").

4. Defendant has requested proof from Inmate Accounts at SCI HOUTZDALE that a court order exists requiring them to remove money from defendants account. Defendant believes that no such court order exists as no proof has been produced.

5. Currently, defendant receives only a nominal amount of money from the DEPT. OF CORRECTIONS. This amount does not cover the basic hygiene products that the defendant must purchase each month from the commissary at SCI HOUTZDALE and provides even less after the twenty (20) percent deduction is made by Inmate Accounts at SCI HOUTZDALE.

6. Defendant sometimes receives small monetary gifts from non-incarcerated friends and/or family outside of the Correctional system. However, this still does not amount to much money.

7. Defendant is left unable to purchase the products necessary to provide and sustain healthy, clean living.

8. Defendant has every intention to pay the fines, costs, and restitution after release from incarceration at which time defendant will be in a better financial position.

*FILED COMMON PLEAS COURT VENANGO COUNTY PA 2004 APR 14 PEGGY L. MILLER PROTHONOTARY/CLERK OF COURTS*

46

WHEREFORE, for any of the foregoing reasons, it is requested that this court order that the PENNSYLVANIA DEPARTMENT OF CORRECTIONS and Inmate Accounts at SCI HOUTZDALE to stop deducting money from defendants account.

Date: April 12, 2004 A.D.

Respectfully Submitted

*Edward Joseph McNatt*

AND NOW April 15, 2004 the within Motion having been presented to the Court, is hereby REFUSED.

BY THE COURT

*Olivia L. Lobaugh*
Senior Judge

CC: △ mailed 4-15-04

47

NAME Edward McNatt
NUMBER DL 6712
P.O. BOX 1000
HOUTZDALE PA 16698-1000

Inmate Mail
PA Department of Corrections

PA Dept of Corrections
Inmate Mail

VENANGO COUNTY COURTHOUSE
CLERK OF COURTS
C/O HONORABLE JUDGE OLIVER LOBAUGH
LIBERTY ST.
FRANKLIN, PA 16323



02 1A
0004332067
MAILED FROM ZIPCODE 16651
UNITED STATES POSTAGE
PITNEY BOWES
$ 00.370
APR 12 2004

48