Exhibit 23

IN THE COURT OF COMMON PLEAS
VENANGO COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA          : Criminal Division
                                      : CP183/1998; CP182/1998
                    v.                :
                                      :
EDWARD J. MCNATT                      :
        Petitioner.                   :

FILED
COMMON PLEAS COURT
VENANGO COUNTY, PA

2004 JUL 22 A 9: 49

PEGGY L. MILLER
PROTHONOTARY AND
CLERK OF COURTS

PETITIONERS AMENDMENT IN SUPPORT OF PCRA
BY: EDWARD J. MCNATT
Pro se Petitioner.
DL-6772
P.O. Box 1000
Houtzdale, PA 16698

58

# TABLE OF CONTENTS

I.   BRIEF STATEMENT OF THE FACTS                                                                    1

II.  BRIEF STATEMENT OF FACTS AND ARGUMENT FOR ALLOWANCE TO FILE AMENDMENT TO                        2
PCRA NUNC PRO TUNC

III. STANDARD APPLICABLE TO INEFFECTIVE ASSISTANCE OF COUNSEL ARGUMENT FOR                           3
FAILURE TO FILE APPEAL

IV.  BRIEF STATEMENT OF FACTS AND ARGUMENT OF ILLEGAL AND EXCESSIVE SENTENCE                         5

V.   RELIEF REQUESTED                                                                               10

## PETITIONERS LIST OF EXHIBITS IN SUPPORT OF PCRA AMENDMENT

NOTE: EXHIBITS WILL BE PRODUCED UPON RECEIVING REPORTS FROM LACKAWANNA COUNTY
AND VENANGO COUNTY.

59

IN THE COURT OF COMMON PLEAS
VENANGO COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA    : Criminal Division
                                : CP183/1998; CP182/1998
        V.                      :
                                :
EDWARD J. MCNATT                :
        Petitioner.             :

FILED
COMMON PLEAS COURT
VENANGO COUNTY, PA

2004 JUL 22 A 9:50

PEGGY L. MILLER
PROTHONOTARY AND
CLERK OF COURTS

PETITION FOR AMENDMENT FOR POST CONVICTION RELIEF NUNC PRO TUNC

AND NOW, comes petitioner, Edward J. McNatt, acting pro se, and files this Petition for Amendment for Post Conviction Relief (PCRA, 42 Pa.C.S. §§ 9541-9546) nunc pro tunc, and in support thereof submits the following:

BRIEF STATEMENT OF FACTS AND PROCEDURAL HISTORY

Petitioner respectfully submits that in October, 1998 was sentenced in the Venango County Courts on the Charge of Forgery and Theft by Deception with the crime codes set forth at the above captioned criminal docket number.

He submits that the honorable court appointed a public defender as counsel of the record and did retain this position throughout the sentencing proceedings.

He submits that Honorable Judge Oliver J. Lobaugh was the presiding Judge in the case and in October, 1998 Petitioner appeared before him and under advice of Counsel, he entered a plea of Guilty to the charges of Forgery and Theft by Deception from same charge.

He submits that the plea agreement subjected him to be sentenced to a term of Two (2) years Eight (8) months to Twelve (12) years incarceration. The Two (2) charges ran consecutive to one another which lead to the total sentence of Twelve (12) years.

-1-

60

He submits that the Effective Date was set for October, 1998 and the Expiration of Minimum was/has been set for October, 2001 and the Expiration of the Maximum state incarceration has been set at October, 2010.

BRIEF STATEMENT OF THE FACTS AND ARGUMENT FOR ALLOWANCE TO
FILE AMENDMENT TO PCRA NUNC PRO TUNC

Petitioner submits that on or about June, 1999 he forwarded a letter to attorney of the Record, and therein he kindly requested that he please file a Post Conviction Relief Act based upon an imposition of a Double Jeopardy sentence pursuant to the Pennsylvania Constitution in article 1, section 10 ("[n]o person shall, for the same offense, be twice put into jeopardy of life or limb.") and 42 Pa.C.S. §9543(a)(2)(ii) ineffective assistance of counsel due to his advise to accept such a plea for the crime of Forgery which was not committed in Venango County and in which Petitioner was convicted in Lackawanna for.

Petitioner submits that counsel advised him that "it did not matter where the Forgery's took place, the checks were still cashed in Venango County," and thus, refused to file any Motion on my behalf.

Petitioner submits that he attempted to file Motions in Venango County but was denied because he had counsel.

In response to this information petitioner wrote public defender and notified him that it did matter where the checks were forged was indeed, a charge petitioner should of never received and the fact that petitioner was charged with stealing the check book and forging the checks in Lackawanna before producing any in Venango County was clearly ineffective assistance of counsel.

Petitioner submits that he received no response from counsel after this notification and in response to such, petitioner submitted an institutional request slip to his unit counselor requesting a phone call to his attorney to inquire about his PCRA Petition as forementioned herein.

-2-

61

he submits that he was afforded the opportunity to be heard on or about July, 2000, he spoke to the Public Defender's Office Secretary who informed him that his attorney was not available, however, his counsel was looking into the matter and would contact petitioner and forward him a letter what he found and explain the action, if any, the court would probably take, in considering any Petition.

Petitioner submits that although he was informed that counsel was looking into the matter, he learned that his counsel of the record did not in fact prepare or file any Motion and the statutory time afforded for such had expired.

## STANDARD APPLICABLE TO INEFFECTIVE ASSISTANCE OF COUNSEL

To succeed on an ineffective assistance of counsel claim, a petitioner must establish that: (1) the claim of ineffective assistance of counsel has arguable merit; (2) the particular course of action chosen by counsel did not have reasonable basis designed to effectuate defendant's interests; and (3) the action chosen by counsel caused actual prejudice. **Strickland v Washington**, 466 U.S. 668 (1984); **Commonwealth v. Pierce**, 527 A.2d 973, 975-76 (Pa. 1987). Counsel cannot be found ineffective unless the defendant shows that "in light of all of the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." **Commonwealth v Dunbar**, 470 A.2d 74, 77 (Pa. 1983) (quoting **Commonwealth v. Miller**, 431 A.2d 233 (Pa. 1981).

Finally, in order to establish prejudice, defendant must demonstrate that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. Douglas**, 645 A.2d 226, 230 (1994).

## ARGUMENT

In the instant case, petitioner submits that he diligently attempted to have his attorney of the record to file an appeal in his case based upon the imposition of Double Jeopardy and counsels ineffective assistance wherein he advised petitioner to agree to charges that were not committed in Venango County and was charged with in Lackawanna County despite the fact that petitioner would not of been charged and sentenced for Forgery.

-3-

62

Petitioner submits that although his attorney of record would "look into the matter," and advise him if an appeal was warranted and would file in a timely manner, if warranted, he did not and such chosen action by counsel did not have a basis designed to effectuate petitioners interests.

The issue of whether a claim for relief based upon counselor's failure to file an appeal meets the prejudice requirements of Section 9543(a)(2)(ii), may be addressed by direct reference to **Strickland, supra.** Indeed, this approach is particularly useful here, since the application of Strickland in this setting is well developed federal jurisprudence.

The Strickland decision itself expressly acknowledges that actual or constructive denial of the assistance of counsel falls within a narrow category of circumstances which prejudice is presumed. Id. 466 U.S. at 692, 104 S.Ct. at 2067.

Since the failure to file or perfect a requested appeal is the functional equivalent of having no representation at all, see **Evitts,** 469 U.S. at 396-97, 105 S.Ct. at 836 (noting that the failure to file an appeal "essentially waived respondent's opportunity to make a case on the merits"). Strickland, on its own terms, establishes the right to relief.

Additionally, since Article V, Section 9 of the Pennsylvania Constitution guarantees an appeal as a right, see **Commonwealth v. Wilkerson,** 490 Pa. 296, 299, 416 A.2d 477, 479 (1980), a failure to file or perfect an appeal results in a denial so fundamental as to constitute prejudice per se. See generally **Canales v. Roe,** 151 F.3d 1226, 1229-30 (9th Cir. 1998) (stating that "[i]t appears that every federal court of appeals to address some form of a rule of presumed prejudice where counsel fails to file an appeal).

On June 24, 2004 the U.S. Supreme Court issued a sentencing reform in **Blakely v. Washington** and applied its ruling retroactively. Under 42 Pa. C.S

63

§9545(b)(1)(iii) petitioner would be permitted to circumvent the one year statute of the PCRA when such retroactive decisions have been made by the U.S. Supreme Court and PA Supreme Court, i.e., 60 days of the date the claim could have been made. Also see, **Commonwealth v. Ellison**, PICS Case No. 04-0878 (Pa. Super. June 3, 2004)(Kline, J.; Montemuro, S.J. concurring) an ineffective assistance of counsel claim premised on a counsels failure to file an appeal); **Commonwealth v. Liebel**, 825 A.2d 630 (Pa. 2003).

The Pennsylvania double jeopardy provision in article 1, section 10 provides that "[n]o person shall, for the same offense, be twice put into jeopardy of life or limb." The Fifth Amendment to the United States Constitution similarly provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Prior to the United States Supreme Court's decision in **Oregon v. Kennedy**, 456 U.S. 667, 102 S.Ct. 2083 (1982), this Court followed federal law in recognizing two types of prosecutorial misconduct that would implicate double jeopardy principles. See **United States v. Dinitz**, 424 U.S. 600, 611, 96 S.Ct. 1075, 1081 (1976); and **Lee v. United States**, 432 U.S. 23, 32, 97 S.Ct. 2141, 2147 (1977). It signals the breakdown of the integrity of the judicial proceeding, and represents the type of prosecutorial tactic which the double jeopardy clause was designed to protect against. **Commonwealth v. Starks**, 490 Pa. 336, 341, 416 A.2d 498, 500 (1980).

BRIEF STATEMENT OF FACTS AND ARGUMENT IN SUPPORT OF
DOUBLE JEOPARDY AND INEFFECTIVE COUNSEL

Petitioner respectfully submits that he did unlawfully take a check book belonging to Francis and William Reese residing in Lackawanna County.

Petitioner submits that he did forge the checks (all) in Lackawanna County.

Petitioner submits that he did knowingly and intentionally submit said forged checks in Venango County for merchandise.

64

Petitioner submits that the checks were forged in Lackawanna County and not Venango County as charged by Venango County.

Petitioner submits that he was arrested, charged and sentenced by Lackawanna County for the theft of said checks as well as the forgery of those checks.

Petitioner submits that the charge(s) of Forgery in Venango County are without merit and thus, is a double jeopardy violation against petitioner.

Petitioner submits that he was coerced into accepting a guilty plea by counsel due to petitioner's lack of knowledge of the law.

Petitioner submits that he was given a 1½ to 7 year sentence for a crime he did not commit in Venango County.

Petitioner submits that he did produce "bad checks" in Venango County but did not forge any checks is said County.

Petitioner submits that he did commit theft by deception by producing said checks to businesses throughout Venango County for merchandise.

Petitioner respectfully submits that this double jeopardy sentence is in violation of the Pennsylvania Constitution in article 1, section 10 and moreover, in light of the U.S. Supreme Court ruling in **Jeffers v. U.S.**, 432 U.S. 137, 155 (1977).

In **Commonwealth v. West**, 485 A.2d 490, 493 (Pa. Super 1984) the Court ruled that "a guilty plea is presumed to be valid; the burden of showing that it was involuntary is on the accused." In the instant case, petitioner's attorney basically did cause the entry of an involuntary plea, in fact, petitioners attempts to portray counsel as ineffective and bring such facts to the attention of the courts are well documented in the litany of Pro se motions requesting relief due to the acts or omissions set forth herein.

Petitioner submits that he filed at least Four (4) such Motions as well as a

65

Motion for Reconsideration of such motions when counsel continued to disregard petitioners interests despite being notified.

Petitioner submits that when he talked to his attorney, his counsel informed him that it did not matter where the checks were forged because they were issued in Venango County.

Petitioner submits that his counsel informed him that if he did not plea to the forgery, he would be looking at a 30 year sentence. Petitioner submits that counsel deliberately lied to him in order to get the case over with. Attorney stated to Petitioner that "the D.A. said that you should just take the plea agreement because you would still be convicted of forgery.

Counsel will not be deemed ineffective for pursuing a strategy, as long as the course chosen was reasonable, see **Commonwealth v. Laird**, 726 A.2d 346, 357 (Pa. 1999). In the instant case, petitioner certainly did not benefit by pleading to a crime in which he did not commit in Venango County and was clearly prejudiced by such and in the light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen to do such. See **Commonwealth v. Dunbar**, 470 A.2d 74, 77 (Pa. 1983)(quoting **Commonwealth v. Miller**, 431 A.2d 233, 234 (Pa. 1981).

Respectfully Submitted,

*Edward J. McNatt*

DATE: July 20, 2004

-7-

66

IN THE COURT OF COMMON PLEAS
VENANGO COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA       : Criminal Division
                                    : CP183/1998; CP182/1998
               v.                       :
                                    :
EDWARD J. MCNATT,                  :
       Petitioner.              :

## AFFIDAVIT OF EDWARD J. MCNATT-PETITIONER

AND NOW, comes Petitioner, Edward J. McNatt, hereby affirming under and declaring under penalty of perjury that the set forth Affidavit is true and correct and in support submits the following:

1. In October, 1998, petitioner was sentenced to the crime codes set forth at the above criminal docket numbers.

2. Due to my financial status the Court appointed counsel of the record and he had this position throughout the plea agreement and sentencing.

3. Prior to and during the proceedings, counsel refused to assist petitioner in effectuating a defense in his case, refused to visit or contact petitioner to discuss what defense strategies, if any, he would take in preparing for pre-trial motions and for trial, inter alia and refused to investigate the fact that I was already sentenced to the forgery charges in Lackawanna County.

4. After multiple attempts at resolving these issues with counsel, my attempts were fruitless and therefore I appealed to the Courts via, letters and thereafter Pro se Motions, explaining in detail counselors act and or omissions with regard to my case.

5. All motions filed pro se were returned to petitioner because it was stated, he had counsel.

67

6. Prior to plea negotiations, petitioner informed counsel that none of the checks were forged in Venango County but, counsel informed petitioner that "it did not matter because they were issued to businesses in Venango County."

7. Instead of notifying me of what trial strategies, if any, he had prepared, he confronted me with a plea bargain containing a forgery charge which had never occurred in Venango County. Petitioner was told by counsel that if he did not accept the plea bargain that he would be found guilty by a jury and sentenced to 30 years.

8. Counsel informed petitioner that, by taking the plea bargain, he would only receive a maximum sentence of 5 years total on both charges and that they would be run concurrently.

9. Counsel informed me that I should just take the plea bargain because the D.A. said that "you should just take the plea agreement because I would still be convicted of forgery."

10. In essence, counsel caused me to enter a guilty plea involuntarily, under ineffective advise, subjecting me to be sentenced to a period of incarceration for a charge that I was already sentenced on.

11. I submit that my attempts to adequately portray counsel as ineffective and that a clear conflict of genuine interests are well documented in the Court Records and the acts or omissions by counsel served no legitimate interest to me and certainly, in light of all the alternatives which were available to counsel, no competent attorney would have advised petitioner to take a sentence which was clearly illegal. I certainly did not benefit from such 'advise'.

Respectfully Submitted,

Edward J. McNutt

DATE: July 20, 2004

68

## RELIEF REQUESTED

Petitioner respectfully requests that this Honorable Court **GRANT** petitioners PCRA and dismiss the forgery charges against him. Petitioner has no objection to a Re-sentence to Time Served and released from incarceration.

Respectfully Submitted,

*Edward J. McNatt*

Signed and submitted this 20 day of July, 2004.

-10-

69