

IN THE COMMONWEALTH PLEAS COURT OF
VENANGO COUNTY, PENNSYLVANIA

Exhibit 25 b

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| Vs. | : CP182/1998 & CP183/1998 |
| EDWARD JOSEPH MCNATT, Petitioner. | : |

PETITION FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE, JUDGE OLIVER J. LOBAUGH OF VENANGO COUNTY, PENNSYLVANIA

Petitioner, pro se, requests this Court to issue a Writ of Habeas Corpus, and represents:

1. Respondent, George Patrick, is Superintendent of the State Correctional Institute of Houtzdale, and has custody of petitioner.

2. Respondent, Commonwealth of Pennsylvania, County of Venango, has caused petitioner's detention, as he is being confined on the basis of the sentence petitioner received.

3. Petitioner was arrested in 1998, and was charged with forgery, theft by deception, and related charges.

4. On October 20, 1998, petitioner unlawfully and unknowingly plead guilty to one (1) count of forgery and one (1) count of theft by deception before the Honorable Judge, Oliver J. Lobaugh.

5. The Commonwealth of Pennsylvania chose to ignore that petitioner was undergoing extensive psychiatric treatment and experimental mind altering medications and could not of knowingly, intentionally, or willingly enter into a plea when petitioner is absolutely innocent of any forgery charge in Venango County and the separate alleged theft by deception charge having occurred, according to the prosecutor, while petitioner was incarcerated in the Lackawanna County Prison.

6. This Court should grant the petitioner a Writ of Habeas Corpus, and order petitioner's release from custody, for each of the following reasons:

74

(A) Plea was unlawfully induced when petitioner was threatened with a thirty (30) year sentence if he did not accept the plea;

(B) Petitioner, under the influence of psychiatric medication which was an experimental phase of his treatment, could not of knowingly, willingly or intentionally entered into any plea;

(C) Petitioner was sentenced on forgery which was a double jeopardy violation due to the fact that he was already charged and convicted of forgery for all of the checks in the checkbook, in Lackawanna County;

(D) Prosecutor deliberately changed the offense date of the theft by deception so that petitioner would receive separate dockets and thus, multiple sentences. Offense date could not of been a typed error due to the fact that petitioner received multiple sentences;

(E) The charges were one single criminal episode stemming from the Lackawanna County incident and not separated by any lawful behavior;

(F) The offense date of which petitioner was charged, is the same date as the checks in Lackawanna County;

(G) Offense date of the theft by deception charge, as recorded by the prosecutor, made it impossible for petitioner to commit because petitioner was already incarcerated prior to that date;

(H) Counsel for petitioner (Blair Hindman), lead petitioner to believe that, it did not matter what County the checks were forged in, the fact that the checks were issued in Venango County, constituted forgery, was a total miscarriage of justice and a violation of Due Process of Law under the Pennsylvania and United States Constitution and warrants reversal;

(I) Petitioner's counsel, withholding factual information of petitioner's innocence of forgery and the fact that petitioner was already convicted of the forgery's, was a total miscarriage of justice and undermined the truth determining process;

75

(J) Due to the fact the crime was a single criminal episode stemming from the Lackawanna County incident as proven by the date of issue on the check(s), Venango County was absolutely barred from prosecuting petitioner for forgery. Jurisdiction belonged to Lackawanna County;

(K) Due Process, prosecutorial misconduct, illegal sentence and an unlawfully induced plea, are all issues that are not time-barred under any circumstances;

(L) Under the Rules of Criminal Procedure of Pennsylvania, this Court has the authority to correct an illegal sentence or charge;

(M) Counsel's failure to file a post-conviction motion on petitioner's behalf as ordered by Honorable Judge, Oliver J. Lobaugh, denied petitioner his fundamental right to effective assistance of counsel;

(N) Due Process of Law under the Pennsylvania and United States Constitution would be offended by the fundamentally unfair result of the unlawfully induced plea, prosecutorial misconduct and petitioner's guaranteed right not to be twice placed in jeopardy of life or limb, if petitioner is not granted a hearing;

7. This case is of immediate significant widespread importance because petitioner is being imprisoned illegally and the evidence is likely to grant petitioner the relief requested.

WHEREFORE, this Honorable Court is requested to issue a Writ of Habeas Corpus and discharge petitioner from custody.

Dated this 7th day of October 2004.

Respectfully Submitted,

*Edward Joseph McNatt*
Edward Joseph McNatt
Inst. No. DL-6772
P.O. Box 1000
Houtzdale, PA 16698

76