IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

Exhibit 27b

EDWARD JOSEPH MCNATT
Petitioner

v.

VENANGO COUNTY DIST. ATTORNEY'S OFFICE,
Respondent

## APPLICATION FOR LEAVE TO FILE ORIGINAL PROCESS

In accordance with Pennsylvania Rules of Appellate Procedure, Rule 3307, Edward Joseph McNatt, pro se petitioner in the above-captioned matter, requests this Court to invoke its "Original Jurisdiction" pursuant to the Judicial Code (42 Pa.C.S. §721, §726).

GROUNDS FOR RELIEF:

1. Petitioner was sentenced on a double jeopardy violation when he was again charged with forgery, after being charged and convicted of the forgery's in Lackawanna County;

2. Petitioner was already incarcerated when the alleged charges on Docket 183-1998, occurred, (Aug. 6, 1997). Petitioner was incarcerated in the Lackawanna County Prison from July 20, 1997 to the present;

3. Petitioner, under the influence of mind altering medications, which the Court was aware of, was not competent to agree to any plea and would not of plead guilty to any crime(s) in which he is innocent or in which he was already convicted of, had he been competent;

4. Petitioner's counsel, Blair Hindman and the Prosecutor, Robert Grossi, deliberately withheld from the court, the fact that petitioner was already charged and convicted of forgery of all the checks in the checkbook, as part of his plea agreement with Lackawann County;

5. Date of the submitted checks in Venango County on Docket 182-1998 is the same date as the checks issued in Lackawanna County, which was clearly a single criminal episode, not separated by any lawful behavior;

6. Counsel refusing to file plea appeal on petitioner's behalf as ordered by the Courts, lead to petitioner losing his appellate rights;

7. Counsel refusing to recuse himself as requested, by petitioner, lead to petitioner not being able to file any appeals on his own behalf;

8. Counsel and Prosecutor threatening petitioner with thirty (30) years incarceration, if he did not plead guilty, lead to a plea that was unlawfully induced;

80

9. Counsel and Courts refusing petitioner to view the charges and evidence against him was a miscarriage of justice and did not allow petitioner the ability to argue any innocence;

10. Specific offense date(s) can be found on the date the check(s) were submitted in Venango County, and can not be altered/changed by the Court in order to pursue multiple sentences or criminal dockets;

11. Petitioner's right to effective assistance of counsel was violated when counsel withheld evidence of petitioner's absolute innocence of docket 183-1998; and

12. Petitioner's counsel on pending PCRA in Venango County told him that his PCRA is going to be denied as being untimely filed and petitioner's only relief is through this Court.

RELIEF SOUGHT:

1. Dismiss the charge of forgery on Docket 182-1998, and re-sentence petitioner to time served on the theft by deception on that same docket;

2. Remove Docket 183-1998 from petitioner's criminal record and return all monies paid on Act 84 of that docket;

3. Immediately release petitioner from incarceration; and

4. Any and all just relief this Court deems appropriate.

_Edward Joseph McNatt_    _October 24, 2004_
Signature                  Date

Edward Joseph McNatt, Pro Se
Inst. No. DL-6772
P.O. Box 1000
Houtzdale, PA 16698

81