IN THE SUPREME COURT OF PENNSYLVANIA
SUPREME COURT DOCKET No. 77 WM 2004

COMMONWEALTH OF PENNSYLVANIA
Appellee

v.

EDWARD JOSEPH MCNATT
Appellant

RECEIVED NOV 29 2004 DISTRICT ATTORNEY

MOTION TO DISMISS COMMONWEALTH'S FILING
AS UNTIMELY AND REQUEST FOR RELIEF

TO THE HONORABLE JUDGES OF THE SUPREME COURT:

NOW COMES, Petitioner, Edward Joseph McNatt, pro se, and files this Motion to Dismiss and Request for Relief and submits:

1. This Honorable Court, on October 27, 2004, gave Marie T. Veon, Esq., fourteen (14) days after service of order, to file a Brief in Opposition or a letter stating that a Brief in Opposition will not be filed. An additional three (3) days would be added if service was effectuated by mail.

2. Petitioner, as well as the Commonwealth received service on October 29, 2004 which gave the Commonwealth until November 12, to file and until November 15, 2004 in which this Honorable Court was to receive said filing(s).

3. Petitioner submits that no Request for Extension was filed by the Commonwealth.

4. On November 15, 2004, the Commonwealth received a phone call from "Daryl", an employee from this Honorable Court regarding the filing of the Brief in Opposition or the letter stating that no Brief in Opposition would be filed on the above entitled case number.

5. On November 15, 2004, three (3) days after the fourteenth day given in which to file and on the last day in which this Honorable Court was to receive the filing(s), the Commonwealth mailed a filing which was after the total time allotted and should be dismissed as untimely filed.

87

6. Petitioner submits that he is being prejudiced by the phone call made to the Commonwealth by an employee of the Supreme Court after this Honorable Court had already issued an order. Petitioner believes that, if this phone call was not made to the Commonwealth, the Commonwealth would of not filed anything. It is very clear that the Commonwealth did not file in the time allotted by this Honorable Court. See Exhibit "A".

7. Petitioner submits that the Commonwealth's arguments AFTER stating that they were not filing a Brief in Opposition should be dismissed as being prejudicial to petitioner.

8. Petitioner submits that the so-called Habeas Corpus filed in the Commonwealth was never filed and that petitioner's P.C.R.A. counsel verbally stated that he was not going to file petitioner's Habeas Corpus and Motion for Immediate Hearing.

9. Petitioner submits that on October 14, 2004, after being told by P.C.R.A. counsel, William Cisek, Esq., that he was not going to file his Habeas Corpus, petitioner filed a complaint with the Disciplinary Board of the Supreme Court regarding counsels refusal to file his Habeas Corpus, Motion for Immediate Hearing, and refusing to do ANYTHING in regards to the P.C.R.A. filed in the Commonwealth Court. (File Reference No. C4-04-1199).

10. Petitioner submits that when he attempted to file his Habeas Corpus and Motion for Immediate Hearing, he specifically notified the Clerk of Courts that he was not asking for counsel and wanted to proceed pro se.

11. Petitioner submits that he did not receive any time stamped copy as requested and that the Clerk of Court sent petitioner's Habeas Corpus and Motion for Immediate Hearing to his P.C.R.A. Counsel.

12. Petitioner submits that he did send a copy of his Habeas Corpus filed in this Honorable Court, to the Clerk of Court, in the Care Of the District Attorney's Office in Venango County.

13. Petitioner submits, although he has a pending P.C.R.A. in the Commonwealth Court, an issue of immediate public importance does justify assumption of plenary jurisdiction under 42 Pa.C.S. §726 (extraordinary jurisdiction).

88

14. The fact that Petitioner is being held illegally with no hope of receiving justice in the near future is a total miscarriage of justice and petitioner's Request for Application for Leave to File Original Process and his Petition for Writ of Habeas Corpus are valid filings in this Honorable Court.

WHEREFORE, Petitioner requests this Honorable Court to deny the Commonwealth's letter as "untimely filed" and GRANT Petitioner the relief requested on his Habeas Corpus filed in this Honorable Court.

DATED: November 19, 2004.

Respectfully Submitted,

*Edward J. McNatt*
Edward J. McNatt,
Petitioner, pro se

c.c Maria Battista Kerle, Asst. D.A.

89

EXHIBIT "A"



Marie T. Veon
District Attorney

# Office of the District Attorney

Venango County Courthouse
Franklin, Pennsylvania 16323

814/432-9598
FAX 814/437-6721

November 15, 2004

Attn: Daryl
The Supreme Court of Pennsylvania
801 City-County Building
Pittsburgh, PA 15219-2463

    RE:    Commonwealth of Pennsylvania vs. Edward Joseph McNatt, Petitioner
              No. 77 WM 2004
              Trial Court Docket Number: CR 182-1998
                                      CR 183-1998

Dear Daryl:

Pursuant to our telephone conversation on this date, I am mailing the documents which are to be filed by today, November 15, 2004 with the enclosed 3817 form stamped. Should you have any questions, please do not hesitate to contact me. Also enclosed is a copy of the filings to be time-stamped. Could you please kindly time stamp the same and return in the self-addressed stamped envelope.

Respectfully Submitted,

*Maria Battista Kerle*
Maria Battista Kerle
Assistant District Attorney

cc: Edward Jospeh McNatt

90

PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the person and in the manner indicated below which service satisfies the requirements of PA.R.A.P. 121:

Service by first class mail addressed as follows:

Maria Battista Kerle, Esq.
Assistant District Attorney
Venango County Courthouse
Franklin, PA 16323

Dated: November 19, 2004

*Edward Joseph McNatt*
Edward Joseph McNatt
Inst. No. DL-6772
P.O. Box 1000
Houtzdale, PA 16698

91