TO THE HONORABLE, THE JUDGES OF THE SAID COURT:

Appellant, Edward Joseph McNatt, pro se, complains of the following matters on appeal:

1. On October 20, 1998, appellant was charged with forgery (docket 182/1998) and theft by deception (docket 183/1998). After informing counsel that appellant did not forge the checks in Venango County but submitted them, counsel informed appellant that, it did not matter where the checks were forged, the fact that the checks were submitted in Venango County, constituted a forgery charge. Appellant is claiming double jeopardy because he was already charged and convicted with all of the checks by the Lackawanna County Court. The offense date of the forgery docket is July 14, 1997.

2. Docket 183/1998 that appellant was forced to plead guilty too is an illegal sentence because appellant was incarcerated at the time of the alleged crime. The offense date of docket 183/1998 is August 1997 and appellant was incarcerated in the Lackawanna County Prison on July 20, 1997. The exact date of appellant's crime can be verified by the date written on the submitted forged checks in Venango County. Under the Pa.R.Cr.P., if the exact offense date is known, it must be listed on the complaint which would verify that appellant could not of committed any crime listed on docket 183/1998.

3. Appellant's plea was unlawfully induced when counsel informed him that if appellant did not plead guilty, he would be found guilty by a jury and sentenced to 30 years imprisonment.

4. Appellant alleges prosecutorial misconduct when prosecutor was aware that appellant was incarcerated prior to the offense at docket 183/1998.

5. Appellant submits that his charges were a single criminal episode, not separated by any lawful behavior. The date of the submitted forged checks in Venango County started the same day as the forgery in Lackawanna County.

6. Appellant argues that counsel was ineffective for failing to file any appeals on his behalf as requested and forcing appellant to lose his appellate rights.

/00

7. appellant argues that counsel refusing to produce any paperwork to him regarding this alleged crime, was a manifest injustice and did not give appellant the opportunity to show that he was incarcerated at the time the alleged docket at 183/1998 occurred. Appellant was led to believe that the theft by deception was from the real crime of docket 182/1998.

8. The complete charges on docket 183/1998 were, bad checks, theft by deception and receiving stolen property. Appellant argues that he never had his own checking account and could not of submitted any bad checks in Venango County. Appellant also argues that he could not of committed alleged crimes because appellants crimes occurred the three days prior to the docket dated July 14, 1997 (182/1998).

9. Due Process of law under the Pennsylvania and United States Constitution would be offended by the fundamentally unfair result of the unlawfully induced plea, absolute innocence, prosecutors misconduct and appellant's guaranteed right not to be twice placed in jeopardy of life or limb.

10. Appellant seeking to vacate sentence is entitled to evidentiary hearing on his claim if he alleges fact that, if proven, would entitle him to relief.

11. Appellant respectfully requests that permission be granted to supplement this Concise Statement of Matters Complained of on Appeal, if necessary, when the notes from the relevant proceedings are obtained.

12. Appellant respectfully requests this Honorable Court to grant him this Appeal and order an evidentiary hearing.

*Edward J. McNatt*
Appellant, pro se

/0/