| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE COURT OF COMMON PLEAS OF |
| | : VENANGO COUNTY, PENNSYLVANIA |
| vs. | : |
| | : |
| EDWARD J. MCNATT, | : Criminal Division |
| Defendant | : CR No. 182 and 183-1998 |

FILED
COMMON PLEAS COURT
VENANGO COUNTY
2005 MAY -4 A 10: 21
PEGGY L. ___
PROTHONOTARY AND
CLERK OF COURTS

## OPINION OF COURT

We have for consideration the pro se Motions filed by the defendant, Edward McNatt in the nature of a Petition for Writ of Habeas Corpus, Application for Immediate Hearing Pending Writ of Habeas Corpus and a Petition for Appeal. The Court is faced with deciding whether to schedule a hearing and consider the merits of the defendant's motions or to disregard the motions without a hearing on the merits. Without consideration of the merits of these motions, the defendant's motions are dismissed.

The Defendant previously filed a Petition for Post Conviction Collateral Relief and Attorney William Cisek was appointed to represent him on that Petition. The Court would note that the Post Conviction Collateral Relief Act, under these circumstances, is purposely stated to be in lieu of Petitions for Habeas Corpus and that the same issues raised and relief requested by the Defendant in his pro se Motions are available to him in his pending P.C.C.R.A. Petition, regarding which he is represented by counsel.

The Court additionally reasons that allowing a defendant to file pro se motions while being represented by counsel creates confusion and at times, inconsistent approaches or strategies in defenses available to the defendant. This would also create an undue burden upon the Court in attempting to decide which motions to consider, in what order should the motions be addressed, and if the motions are

frivolous, are sanctions available and to whom are they chargeable. It is difficult for defense counsel to plan defense strategies if the defendant is allowed to file pro se motions, unchecked and without consideration of whether it is without merit or inconsistent with defense strategies.

The Pennsylvania Constitution affords a defendant, in a criminal prosecution, the right to an attorney. Pa. Const. Art. 1 §9. The United States Constitution also provides this same right. U.S.C. Const. Amend. 6. The United States Supreme Court has interpreted this right to include a right to self-representation in a state criminal trial. Faretta vs. California, 422 U.S. 806 (1975). However, in order to exercise this right of self-representation, the defendant must render an expressed knowing and intelligent waiver of his right to counsel. Id. See also, Pa. Rule of Criminal Procedure, 318, and Commonwealth vs. Davis, 479 Pa. 274, 388 A.2d 324 (1978). A defendant in a criminal case, therefore, clearly has the right to self-representation in a state criminal matter, which includes the filing of pro se motions.

The United States Constitution and the Pennsylvania Constitution give the right to a defendant to be represented by counsel and also give the right to self-representation; however, this does not create a hybrid right whereby the defendant may be represented by counsel and also represent himself. The Superior Court, in Commonwealth vs. Williams, 270 Pa. Super. 27, 410 A.2d 880 (1979) in addressing the issue of hybrid representation stated: "There is . . . a distinction between the Constitutional right to proceed pro se pursuant to a valid waiver of a right to counsel and a right to proceed pro se and with counsel." Id. at 883. Relying on cases from other jurisdictions, the Superior Court held that a criminal defendant has no Sixth or Fourteenth Amendment right to act as co-counsel where he is already represented by

//0

an attorney and that a decision to permit such hybrid representation is better left to the sound discretion of the trial court. Id. The United States District Court for the Eastern District of Pennsylvania, in Hall vs. Dorsey, 534 F.Supp. 507 (1982), while addressing a civil rights action, 42 U.S.C.A. §1983, brought by a defendant against an officer of the Delaware County Court of Common Pleas for refusing to accept pro se filings, dismissed the civil action holding there to be no right to "hybrid" representation. The Court, in reaching this conclusion, stated:

> Under Federal Law, a criminal defendant has the right to appear pro se or by counsel. This right is guaranteed both by the Constitution and by Statute. The Federal right, however, is disjunctive; a party may either represent himself or appear through an attorney. There is no right to "hybrid" representation - simultaneously pro se and by counsel.
>
> Pennsylvania law also gives the accused the right to counsel and the right to defend himself. Like the federally-created rights, these state rights have consistently been interpreted to be disjunctive. The accused has the right to be heard by himself; the accused has the right to be heard by his counsel; but not both.
>
> Thus, under both federal and state law, an accused who appears by counsel possess no right to proceed pro se.

Id. at 508-509 (Footnotes omitted). See also, Commonwealth v. Ellis, ____ Pa. ____, 626 A.2d 1137 (1993).

We conclude that a defendant represented by counsel has no right to "hybrid" representation, specifically representation simultaneously pro se and by counsel. As long as a defendant has counsel of record, this court will not consider any motions or filings done pro se unless the filing relates only to the issue of continued representation by present counsel of record.

The defendant, in the instant action, has previously been represented by the Public Defender's Office of Venango County, and continues to be represented by appointed counsel, Attorney William Cisek. The defendant, having no right to hybrid representation, we will not consider any pro se motions filed by Defendant while represented by counsel.

For the foregoing reasons, the defendant's motions, in the nature of a Petition for Writ of Habeas Corpus, Application for Immediate Hearing Pending Writ of Habeas Corpus and a Petition for Appeal are hereby dismissed. The Defendant has also filed a Motion to Remove William Cisek, Esquire as counsel and a hearing thereon is hereby scheduled for May 13, 2005, at 1:30 pm. The District Court Administrator shall make arrangements to have the Defendant participate in said hearing by video conferencing.

May 03, 2005

SCI - Houtzdale
Video. Conf. No.
(814) 497-1058
Contact: Doretta Chenchanick

BY THE COURT

Oliver J. Lobaugh, Judge

Cc: DA
William Cisek, Esquire
Edward McNatt - copy mailed: 05·03·05

4

112