IN THE COURT OF COMMON PLEAS, VENANGO COUNTY
PENNSYLVANIA

JUN 27 2005

Exhibit 43C

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : Criminal Division |
| V. | : |
| EDWARD JOSEPH MCNATT | : CP182-1998 & CP183-1998 |

PETITIONERS AMENDMENT IN SUPPORT OF PCRA
BY: EDWARD JOSEPH MCNATT
Pro se Petitioner
DL-6772
P.O. Box 1000
Houtzdale, PA 16698

## TABLE OF CONTENTS

I. TABLE OF CITATIONS ................................................................................. i

II. PROCEDURAL HISTORY .......................................................................... 1

III. STATEMENT OF FACTS AND ARGUMENT FOR ALLOWANCE TO FILE AMENDMENT TO PCRA NUNC PRO TUNC ................................................................................. 2

IV. STANDARD APPLICABLE TO INEFFECTIVE ASSISTANCE OF COUNSEL ARGUMENT FOR FAILURE TO FILE APPEAL ................................................................................. 4

V. STANDARD APPLICABLE TO PROSECUTORIAL MISCONDUCT ARGUMENT FOR WITHHOLDING EVIDENCE OR MANIPULATING MANNER OF CHARGING ................................................................................. 5

VI. BRIEF STATEMENT OF FACTS AND ARGUMENT OF ILLEGAL AND EXCESSIVE SENTENCE ................................................................................. 5

VII. QUESTIONS PRESENTED FOR REVIEW ................................................................................. 6

VIII. RELIEF REQUESTED ................................................................................. 8

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 11, 1997, petitioner stole a checkbook belonging to William and Francis Reese. Immediately after stealing the checkbook, petitioner forged said checks, submitted some of them in Lackawanna County and on the same day, proceeded to Venango County where he submitted the other forged checks. Petitioner, being from Venango County knew where he could cash the checks. Petitioner submitted the forged checks over the course of three (3) days. This incident began on July 11, 1997 until July 13, 1997. After that, petitioner and his accomplice drove to Vermont. On July 20, 1997, petitioner and his accomplice, while driving back to Lackawanna County, were arrested and only petitioner was placed in the Lackawanna County Jail for unrelated charges. Petitioner <u>DID NOT</u> post bail. On August 7, 1997, petitioner was charged in Lackawanna County for stealing the checkbook and forging said checks belonging to William and Francis Reese. He was also charged with theft by deception, bad checks, unauthorized use of an automobile and related charges. The complaint was filed in Lackawanna County only. Petitioner immediately notified Venango County concerning the checks he submitted there. On September 30, 1997, petitioner was sentenced on the forgery's charge and unrelated offenses. The other charges were Nolle Proseqi. Petitioner was sentenced to 17 to 36 months in a State Correctional Institution. Petitioner was then transferred to the State Correctional Institution at Graterford, in Philadelphia, Pennsylvania. It was not until petitioner was transferred to Camp Hill, that he was arrested by the PA. State Police and transported to Venango County. Petitioner was again charged with the forgery's of the checks belonging to William and Francis Reese, as well as, theft by deception, bad checks, and receiving stolen property. Petitioner was appointed Public Defender, Blair Hindman to represent him. Petitioner was returned to Camp Hill and eventually moved to Houtzdale, to serve out his sentence. Months passed without hearing anything from counsel and all of a sudden, he was transported back to Venango County. Petitioner's counsel, for the first time, came to the county jail and spoke with petitioner. Mr. Hindman told petitioner that, it would be in his best interest to accept a plea bargain. He said for petitioner to plead guilty to one (1) count of forgery and one (1) count of theft by deception. Petitioner then told counsel that, he did not forge any checks in Venango County, only submitted them. Counsel told petitioner that, it did not matter where the checks were forged, the fact that they were submitted in Venango County, constituted a forgery. Counsel went on to say that, if petitioner did not accept a plea, he would be found guilty by a jury and sentenced to thirty (30) years incarceration because the prosecutor wanted to prosecute petitioner to the fullest extent of the law. Counsel told petitioner that he was trying to work something out for him and went on to say that, by pleading guilty, he would only receive a maximum sentence of five (5) years, running concurrent with the Lackawanna County sentence because it was the same crime spree. Because of the threat of a thirty (30) year sentence, petitioner agreed. After agreeing and pleading guilty, petitioner was returned to Houtzdale until sentencing. On October 20, 1998, petitioner appeared before Honorable Judge, Oliver Lobaugh, for sentencing. Petitioner was sentenced to one (1)yr. four (4)mos. to five (5)yrs. on the theft by deception charge and a <u>consecutive</u> sentence of one (1)yr. four (4)mos. to seven (7)yrs. on the forgery charge. The sentence began on October 20, 1998, the day of sentencing. After being sentenced, Judge Lobaygh asked petitioner if he wanted to have an appeal filed. In open court, petitioner stated, "yes". Judge Lobaugh then told petitioner's counsel that he had ten (10) days in which to file. Counsel never filed

anything, although he told petitioner that he would. After petitioner was returned to Houtzdale and an ample period of time had elapsed, he wrote letters to counsel concerning the plea. Counsel never responded. Petitioner was then afforded phone calls by the DOC, to the Venango County Public Defender's Office. Mr. Hindman's secretary informed petitioner that his counsel was checking into the matter and would let him know what, if anything, he found out. Petitioner never heard from counsel. Petitioner, with the help of the prison law library staff, put together motions for petitioner to send to Venango County. All petitioner's motions were turned over to his counsel and never filed. It was not until after the appeal time had expired, that petitioner's Motion to Proceed in Nunc Pro Tunc was filed in the Court. Less than a month later, that same petition was denied. Finally, on July 13, 2004, petitioner received his first set of docket transcripts. It was then he realized that, he was convicted on two (2) separate cases. On docket CP182-1998, he was charged with the forgery and on docket CP183-1998, he was charged with the theft by deception. Petitioner was lead to believe that he was pleading guilty to the theft by deception from the forgery charge. Petitioner also saw that, he was forced into pleading guilty to docket CP183-1998, a crime which allegedly happened while petitioner was incarcerated and could not of committed. Petitioner was incarcerated on July 20, 1997 and never released. The crimes on docket CP183-1998 has an offense date of August 6, 1997. Petitioner's crime happened on July 11, 1997 and lasted until July 13, 1997, and is verifiable by the dates listed of the submitted forged checks.

### BRIEF STATEMENT OF THE FACTS AND ARGUMENT FOR ALLOWANCE TO FILE AMENDMENT TO PCRA NUNC PRO TUNC

Petitioner submits that on or about January 1999, he forwarded another letter to attorney of record, Blair Hindman, and therein he kindly requested that he please file a PCRA based upon the imposition of a double jeopardy sentence pursuant to the Pennsylvania Constitution in Article 1, Section 10 ("[n]o person shall, for the same offense, be twice put into jeopardy of life or limb.") and 42 Pa.C.S. §9543(a)(2)(ii), ineffective assistance of counsel due to his advice to accept such a plea for the crime of forgery which was not committed in Venango County and in which petitioner was convicted in Lackawanna County for.

Petitioner submits that counsel advised him that, "it does not matter where the forgery's took place, the checks were still cashed in Venango County, and thus, constituted a forgery charge."

Petitioner submits that prosecution withheld evidence from the court which was favorable to him.

Petitioner submits that he could not of committed the crimes on docket CP183-1998 because he was incarcerated at the time of the alleged offense.

Petitioner submits that he tried to file motions on his own behalf but, said motions were sent to counsel or denied.

Petitioner submits that the threat of a thirty (30) year sentence caused him to accept a plea of guilty.

Petitioner submits that, counsel and prosecutor never allowed him to view any dockets/paperwork of the crimes against him.

Signed this 19th day of May, 2005.

*Edward J. McNatt*
Edward J. McNatt

3

122

STANDARD APPLICABLE TO INEFFECTIVE ASSISTANCE OF COUNSEL

To succeed on an ineffective assistance of counsel claim, a petitioner must establish that: (1) the claim of ineffective assistance of counsel has arguable merit; (2) the particular course of action chosen by counsel did not have reasonable basis designed to effectuate defendant's interests; and (3) the action chosen by counsel caused actual prejudice. Strickland v. Washington, 466 U.S. 668 (1994); Commonwealth v. Pierce, 527 A.2d 973, 975-76 (Pa. 1987). Counsel cannot be found ineffective unless the defendant shows that, "in light of all of the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." Commonwealth v. Dunbar, 470 A.2d 74, 77 (Pa. 1983)(quoting Commonwealth v. Miller, 431 A.2d 233 (Pa. 1981).

Finally, in order to establish prejudice, defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Commonwealth v. Douglas, 645 A.2d 226, 230 (Pa. 1994).

### ARGUMENT

In the instant case, petitioner submits that he diligently attempted to have his attorney of record, file an appeal in his case based on the imposition of a double jeopardy sentence and his ineffective assistance, wherein he advised petitioner to agree to charges that were not committed in Venango County and petitioner was already charged and convicted of in Lackawanna County, despite the fact that petitioner would not of been charged and sentenced for forgery. Commonwealth v. Calloway, 675 A.2d 743, 450 Pa.Super. 227, Super. 1996; U.S.C.A. Constitution, Amendment 5, double jeopardy. Petitioner was already charged and convicted for forging the checks in Lackawanna County. Commonwealth v. McPhail, 692 A.2d 139, 547 Pa. 519 (1997); Commonwealth v. Anthony, 553 Pa. 55, 717 A.2d 1015, 1018 (1998); Commonwealth v. Hockenberry, 549 Pa. 527, 701 A.2d 1334, 1337 (1997); Commonwealth v. Bracalielly, 540 Pa. 460, 658 A.2d 755, 760 (1995); and 18 Pa.C.S.A. §111.

Counsel's failure to file a requested appeal falls beneath the range of competence demanded of attorney's in criminal cases, denies the accused the assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution, and Article 1, Section 9 of the Pennsylvania Constitution as well as the right to direct appeal under Article V, Section 9, and constitutes prejudice for purposes of Section 9543(a)(2)(ii). Such neglect by counsel alone is sufficient to establish prejudice for the purposes of 42 Pa.C.S.A. §9543(a)(2)(ii). Commonwealth v. Lantzy, 736 A.2d at 571-572.

Under Commonwealth v. Ellison, 651 MDA 2004 (June 3), the Supreme Court held that under an ineffective assistance of counsel claim premised on a counsel's failure to file an appeal, circumvents the one (1) year statute for filing a PCRA; Commonwealth v. Liebel, 825 A.2d 630 (Pa. 2003).

Counsel's refusal to file or perfect and appeal, "essentially waived respondent's opportunity to make a case on the merits"). Strickland on its own terms, establishes the right to relief.

4

/23

Counsel threatening petitioner with a thirty (30) year sentence if he did not plead guilty, withholding from petitioner that he was pleading guilty to two (2) separate cases, pleading guilty to a crime he could not have committed, and giving unlawful legal advice, was definately not in the best interest of petitioner. Commonwealth v. Douglas, 645 A.2d 226, 230 (1994); and 9543(a)(2)(ii).

### STANDARD APPLICABLE TO PROSECUTORIAL MISCONDUCT ARGUMENT FOR WITHHOLDING EVIDENCE OR MANIPULATING MANNER OF CHARGING

In the instant case, the prosecutor never brought to the attention of the court or petitioner, that petitioner was pleading guilty to a crime which occurred after petitioner was already incarcerated in the Lackawanna County prison. Prosecutor was well aware of the date of petitioner's incarceration in Lackawanna and still continued to convict him of the crimes on docket CP183-1998.

Prosecutor was aware that petitioner was already charged and convicted of the forgery charges of all the checks, in Lackawanna County and still pursued a forgery charge in his County.

### ARGUMENT

Petitioner submits that prosecution cannot manipulate the manner of charging and by doing so, warrants dismissal if it prejudice' the defendant. **Rules of Professional Conduct, Rule 3,8, ; and 42 Pa.C.S.A.(a).**

Petitioner submits that, if prosecution did not if fact, manipulate the manner of charging, docket CP183-1998 is clearly someone else's alleged charges.

Prosecutor knew the exact date of the offenses. The exact date is listed on the checks which were submitted in Venango County. Prosecution withholding this information from the court is prejudicial to petitioner and warrants dismissal.

### BRIEF STATEMENT OF FACTS AND ARGUMENT OF ILLEGAL AND EXCESSIVE SENTENCE

Petitioner submits that he was sentenced on a charge of forgery which is clearly in violation of the double jeopardy clause of the United States and Pennsylvania Constitutions. Petitioner was already charged and convicted of forgery for all of the checks in the checkbook.

Petitioner submits that, his crime meets all the requirements of a "single criminal episode".

Petitioner receiving a total of twelve (12) years incarceration for a single criminal episode is an excessive sentence.

Petitioner submits that he is absolutely innocent of the crimes on docket CP183-1998. The one (1)yr. four (4)mos. to five (5)yr. sentence is clearly illegal.

### ARGUMENT

Petitioner's forced guilty plea to docket CP182-1998, is due to counsel and prosecutor using deceit in order to obtain a conviction and warrants reversal.

5

124

Petitioner submits that his forced guilty plea to docket CP183-1998, a charge he is absolutely innocent of, was obtained through deceit by the prosecutor's misconduct and counsel's ineffectiveness and warrants dismissal.

Petitioner submits that Venango County imposed a double jeopardy sentence on the forgery charge which denied the court the opportunity to bring those charges against petitioner

Petitioner submits that the illegality of a sentence in not a waivable issue. Eighth Amendment of the Constitution; Commonwealth v. Neidig, 340 Pa.Super. 217, 224, 489 A.2d 921, 924 (1985); and Commonwealth v. Walker, 468 Pa. 323, 362 A.2d 227 (1976).

## QUESTIONS PRESENTED FOR REVIEW

1. DOES THE CRIMES FROM LACKAWANNA COUNTY AND VENANGO COUNTY MEET THE REQUIREMENTS OF A "SINGLE CRIMINAL EPISODE?"
   YES.

2. WAS VENANGO COUNTY BARRED FROM PROSECUTION ON THE FORGERY CHARGE OF DOCKET CP182-1998?
   YES.

3. WAS THE FORGERY CHARGE IN VENANGO COUNTY A "DOUBLE JEOPARDY" VIOLATION?
   YES.

4. WAS PETITIONER DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL TOLD PETITIONER THAT, "IT DOES NOT MATTER WHERE THE CHECKS WERE FORGED, THE FACT THAT THEY WERE SUBMITTED IN VENANGO COUNTY, CONSTITUTES A FORGERY CHARGE?
   YES.

5. WAS PETITIONER DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL GAVE PETITIONER ADVICE WHICH IS AGAINST THE LAWS OF PENNSYLVANIA AND THE PENNSYLVANIA AND UNITED STATES CONSTITUTIONS?
   YES.

6. WAS PETITIONER DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL TOLD PETITIONER THAT, IF HE DID NOT ACCEPT THE PLEA AGREEMENT, HE WOULD BE FOUND GUILTY BY A JURY AND SENTENCED TO (30) YEARS INCARCERATION?
   YES.

7. WAS COUNSEL INEFFECTIVE FOR TELLING PETITIONER THAT, HE WOULD ONLY RECEIVE A CONCURRENT FIVE (5) YEAR SENTENCE, WITH LACKAWANNA COUNTY BY PLEADING GUILTY, INSTEAD OF A THIRTY (30) YEAR SENTENCE BY GOING TO TRIAL?
   YES.

8. WAS PETITIONER DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL WITHHELD INFORMATION FAVORABLE TO PETITIONER?
   YES.

9. DID COUNSEL'S FAILURE TO FILE ANY POST-SENTENCE APPEALS AS REQUESTED, LEAD TO PETITIONER BEING DENIED HIS ABSOLUTE RIGHT TO APPEAL?
   YES.

10. WAS COUNSEL INEFFECTIVE FOR FAILING TO SHOW PETITIONER ANY DOCKET(S) OF THE ALLEGED CRIME(S) AGAINST HIM?
    YES.

11. WAS COUNSEL'S STRATEGY DESIGNED TO REPRESENT PETITIONER'S BEST INTERESTS?
    NO.

12. DID COUNSEL'S PERFORMANCE PREJUDICE THE PETITIONER, RESULTING IN AN UNRELIABLE OR FUNDAMENTALLY UNFAIR OUTCOME OF THE PROCEEDINGS?
    YES.

13. DID COUNSEL'S PERFORMANCE FALL FAR BELOW AN OBJECTIVE STANDARD OF REASONABLENESS?
    YES.

14. COULD PETITIONER HAVE COMMITTED THE CRIMES ON DOCKET CP183-1998 WHEN THE OFFENSE DATE IS AUGUST 6, 1997 AND PETITIONER WAS INCARCERATED SINCE JULY 20, 1997?
    NO.

15. ARE THE OFFENSE DATES OF THE CRIMES COMMITTED BY PETITIONER, CLEARLY KNOWN AND WERE THEY KNOWN PRIOR TO ANY PLEA AGREEMENT OR SENTENCING?
    YES.

16. WAS PROSECUTION PREJUDICIAL TO PETITIONER WHEN PROSECUTION PRESENTED TO THE COURT, A DOCKET UNKNOWN TO PETITIONER, OF CRIMES ALLEGEDLY COMMITTED BY HIM, KNOWING THAT PETITIONER WAS INCARCERATED AT THE TIME OF THE ALLEGED OFFENSES?
    YES.

17. IF THE PROSECUTOR DID NOT MANIPULATE THE MANNER OF CHARGING, WHICH WARRANTS DISMISSAL, IS THE CRIMES ON DOCKET CP183-1998, SOMEONE ELSE'S ALLEGED CRIMES?
    YES.

18. IF PROSECUTOR MANIPULATED THE MANNER OF CHARGING WHICH WAS PREJUDICIAL TO PETITIONER, DOES THE SENTENCE ON DOCKET CP183-1998 WARRANT DISMISSAL?
    YES.

19. DID PETITIONER SUBMIT ANY FORGED CHECK(S) OR COMMIT ANY CRIME IN VENANGO COUNTY AFTER THE OFFENSE DATE OF DOCKET CP182-1998 (JULY 14, 1997)?
    NO.

20. WAS PROSECUTION PREJUDICIAL TO PETITIONER WHEN PROSECUTOR WITHHELD INFORMATION FAVORABLE TO PETITIONER?
    YES.

21. WOULD PETITIONER HAVE PLEAD GUILTY IF HE KNEW THAT IT DID MATTER WHERE THE CHECKS WERE FORGED AND IF HE HAD KNOWN THAT DOCKET CP183-1998 WERE CRIMES THAT WERE ALLEGEDLY COMMITTED WHILE PETITIONER WAS INCARCERATED?
    NO.

22. WAS PETITIONER FORCED INTO PLEADING GUILTY UNDER THREAT, DURESS, OR COERCION?
    YES.

23. WAS PETITIONER DENIED "DUE PROCESS" AS GUARANTEED TO HIM BY THE UNITED STATES AND PENNSYLVANIA CONSTITUTIONS?
    YES.

24. DOES THE LAWS AND THE COMPLAINT OF PETITIONER SUPPORT THE EXCEPTIONS TO THE ONE (1) YEARS STATUTE OF LIMITATION FOR FILING A PCRA?
YES.

## RELIEF REQUESTED

Petitioner respectfully requests this Honorable Court to **GRANT** petitioner's PCRA and:
    (a) dismiss the forgery charge against him and resentence him on the theft by deception crime of that docket, to time served;
    (b) dismiss all charges against him on docket CP183-1998;
    (c) return petitioner's Act 84 payments on docket CP183-1998; and
    (d) order petitioner's immediate release from incarceration.

Respectfully Submitted,

Signed this 19th day of May, 2005.

*Edward J. McRath*

IN THE COURT OF COMMON PLEAS, VENANGO COUNTY
PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : Criminal Division |
| | : |
| V. | : |
| | : |
| EDWARD JOSEPH MCNATT, | : CP182-1998 & CP183-1998 |
| Petitioner. | : |

### AFFIDAVIT OF EDWARD J. MCNATT-PETITIONER

AND NOW, comes Petitioner, Edward J. McNatt, hereby affirming under and declaring under penalty of perjury that the set forth Affidavit is true and correct and in support submits the following:

1. On October 20, 1998, petitioner was sentenced to the crime codes set forth at the above criminal docket numbers.

2. Petitioner was sentenced to a total term of 2yrs. 8mos. to 12yrs. for one (1) count of forgery and one (1) count of theft by deception.

3. Due to petitioner's financial status, the Court appointed counsel of record and he had this position throughout the plea agreement and sentencing.

4. prior to and during the proceedings, counsel refused to assist petitioner in effectuating a defense in his case, refused to visit or contact petitioner to discuss what defense strategies, if any, he would take in preparing for pre-trial motions and for trial, inter alia, and refused to investigate the fact that petitioner was already sentenced on all the forgery's of the checks in Lackawanna County and was already incarcerated when the alleged crimes on docket CP183-1998 occurred.

5. After multiple attempts at resolving these issues with counsel, petitioner's attempts were fruitless and therefore I appealed to the Court via, letters and thereafter, pro se motions, explaining in detail counselor's acts and or omissions with regard to my case.

6. All motions filed pro se were sent to counsel of record and never filed.

7. Prior to plea negotiations, petitioner informed counsel that none of the checks were forged in Venango County but counsel informed petitioner that, "it does not matter where they were forged, the fact that they were submitted in Venango County, constitutes a forgery charge."

8. Instead of notifying petitioner of what trial strategies, if any, he had prepared, he confronted petitioner with a plea bargain containing a forgery charge which had never occurred in Venango County and a theft by deception charge on a separate case, which, unknown to petitioner, occurred when petitioner was already incarcerated in another County. Petitioner was told by counsel that, if he did not accept the plea bargain, he would be found guilty by a jury and sentenced to thirty (30) years incarceration. Counsel refused to prepare for trial.

128

9. Counsel informed petitioner that, by accepting the plea bargain, he would only receive a maximum sentence of five (5) years on both charges and they would be run concurrent with one another and concurrent with the Lackawanna County sentence because it was the same crime spree.

10. In essence, counsel caused petitioner to enter a guilty plea involuntarily, under unlawful legal advice, subjecting petitioner to be sentenced to a period of incarceration for a double jeopardy charge and to a period of incarceration for a charge in which petitioner is absolutely innocent of.

11. Counsel, after petitioner stated in Open Court, that he wanted an appeal filed, refused to do so which denied petitioner his absolute right to appeal.

12. Petitioner submits that his attempts to adequately portray counsel as ineffective and that a clear conflict of genuine interest are well documented in the Court Records and the acts or omissions by counsel served no legitimate interest to petitioner and certainly, in light of all the alternatives which were available to counsel, no competent attorney would have advised petitioner to accept a sentence which was clearly illegal. Petitioner certainly did not benefit from such "advice".

    Petitioner submits under penalty of perjury that the fact set forth in this Affidavit and petitioner's PCRA, is true and correct to the best of his knowledge, information and belief. Petitioner understands that, unsworn falsification to authority is a misdemeanor of the first degree (relating to 4904, unsworn falsification to authority).

Respectfully Submitted,

*Edward J. McNatt*
Edward J. McNatt

Signed this 19th day of May, 2005.

129