IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD JOSEPH MCNATT,** ) | |
| Petitioner, ) | Civil Action No. 05-124 Erie |
| ) | |
| v. ) | |
| ) | **District Judge McLaughlin** |
| **JUDGE OLIVER LOBAUGH, et al.,** ) | **Magistrate Judge Baxter** |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that Respondents' motion to dismiss for failure to exhaust state remedies [Document # 20] be granted, that the Petition for Writ of Habeas Corpus be dismissed, and that a certificate of appealability be denied.

**II.   REPORT**

Petitioner Edward Joseph McNatt is a state prisoner incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania. Currently pending before this Court is his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. [Document #3].

**A.   Relevant Factual and Procedural History**

By information filed at CR No. 182-98 (Document # 12, Exhibit 1), the Venango County District Attorney charged Petitioner with the following counts that were alleged to have occurred on or about July 14, 1997:

1. Forgery, 18 P.S. § 4101(a)(2), F3, one count;
2. Theft by Deception, 18 P.S. § 3922(a)(1), M2, one count; and
3. Criminal Conspiracy, 18 P.S. § 903(a), F3, one count

By information filed at CR No. 183-98 (Document # 12, Exhibit 2), the Venango County District Attorney charged Petitioner with the following counts that were alleged to have occurred

on or about August 6, 1997:

>   1.   Bad Checks, 18 P.S. § 4105, M2, four counts;
>   2.   Theft by Deception, 18 P.S. § 3922(a)(1), M1, one count;
>   3.   Receiving Stolen Property, 18 P.S. § 3925(a), M3, one count; and
>   4.   Forgery, 18 P.S. § 4101(a)(2)(3), F3, four counts.

On September 15, 1998, Petitioner entered a Plea Agreement with the Venango County District Attorney, pursuant to which he pled guilty to the Forgery count at CR No. 182-98, and the Theft by Deception count at CR No. 183-98, with all other counts at both CR Nos. 182-98 and 183-98 to be nol-prossed. (Document # 12, Exhibit 4). On October 20, 1998, the Honorable Oliver J. Lobaugh sentenced Petitioner to be imprisoned for an aggregate term of 32 months to 144 months. (Document # 12, Exhibits 6 and 8). No timely direct appeal was taken from Petitioner's conviction or sentence.

On February 17, 1999, Petitioner filed with the trial court a "motion to proceed nunc pro tunc, in filing post-sentence motions and direct appeal," arguing that his court-appointed counsel "failed to perform his duty by failing to file a notice of appeal." (Document # 12, Exhibit 15). Judge Lobaugh denied Petitioner's motion by Order dated March 12, 1999. (Document # 12, Exhibit 16).

On July 14, 2004, Petitioner filed with the trial court a motion for post conviction collateral relief ("PCRA motion") in both cases docketed at CR No. 182-98 and CR No. 183-98. (Document # 12, Exhibit 22). In his PCRA motion, Petitioner raised the following three arguments, which are set forth verbatim:

>   1.   I was sentenced in an aggregated range in the sentencing guidelines, which were declared unconstitutional;
>   2.   My plea was not entered into knowingly and willingly; and
>   3.   Counsel was ineffective for not explaining the guidelines I (could)/was going to be sentenced under after taking the plea.

(Document # 12, Exhibit 22 at ¶ 5(A)).

On July 22, 2004, Petitioner filed with the trial court an "Amendment in Support of PCRA," in which Petitioner raised the following additional claims:

>   1.   His Forgery conviction in Venango County violated the Double Jeopardy

2

>    Clause, because he had already been convicted of the same charge for the same act in Lackawanna County;[1] and
>
> 2. Trial counsel was ineffective for failing to file a timely direct appeal from his conviction and sentence.

(Document # 12, Exhibit 23).  On July 28, 2004, the trial court issued an Order appointing William Cisek, Esquire, to represent Petitioner in his PCRA proceeding. (Document # 12, Exhibit 24).

On October 12, 2004, while Petitioner's PCRA motion was still pending, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus with the trial court, raising the following arguments, which are set forth verbatim:

> 1. Plea was unlawfully induced when petitioner was threatened with a thirty (30) year sentence if he did not accept the plea;
>
> 2. Petitioner, under the influence of psychiatric medication, which was an experimental phase of his treatment, could not knowingly, willingly, or intentionally entered [sic] into any plea;
>
> 3. Petitioner was sentenced on forgery which was a double jeopardy violation due to the fact that he was already charged and convicted of forgery for all of the checks in the checkbook, in Lackawanna County;
>
> 4. Prosecutor deliberately changed the offense date of the theft by deception so that petitioner would receive separate dockets and thus, multiple sentences.  Offense date could not of [sic] been a typed error due to the fact that petitioner received multiple sentences;
>
> 5. The charges were one single criminal episode stemming from the Lackawanna County incident and not separated by any lawful behavior;
>
> 6. The offense date of which petitioner was charged, is the same date as the checks in Lackawanna County;
>
> 7. Offense date of the theft by deception charge, as recorded by the prosecutor, made it impossible for petitioner to commit because petitioner was already incarcerated prior to that date.

---

[1] Prior to being charged in Venango County, Petitioner had already been charged and convicted of Forgery in Lackawanna County, Pennsylvania.  Petitioner argues that the checks he was convicted of forging in Venango County were the same checks he had stolen and forged in Lackawanna County and, therefore, he was convicted twice for the same crime.

3

8. Counsel for petitioner (Blair Hindman), lead petitioner to believe that, it did not matter what County the checks were forged in, the fact that the checks were issued in Venango County, constituted forgery, was a total miscarriage of justice and a violation of Due Process of Law under the Pennsylvania and United States Constitution and warrants reversal;

9. Petitioner's counsel, withholding factual information of petitioner's innocence of forgery and the fact that petitioner was already convicted of the forgery's [sic], was a total miscarriage of justice and undermined the truth determining process;

10. Due to the fact the crime was a single criminal episode stemming from the Lackawanna County incident as proven by the date of issue on the check(s), Venango County was absolutely barred from prosecuting petitioner for forgery, Jurisdiction belonged to Lackawanna County;

11. Due process, prosecutorial misconduct, illegal sentence and an unlawfully induced plea, are all issues that are not time-barred under any circumstances;

12. Under the Rules of Criminal Procedure of Pennsylvania, this Court has the authority to correct an illegal sentence or charge;

13. Counsel's failure to file a post-conviction motion on petitioner's behalf as ordered by Honorable Judge, Oliver J. Lobaugh, denied petitioner his fundamental right to effective assistance of counsel;

14. Due Process of Law under the Pennsylvania and United States Constitution would be offended by the fundamentally unfair result of the unlawfully induced plea, prosecutorial misconduct and petitioner's guaranteed right not to be twice placed in jeopardy of life or limb, if petitioner is not granted a hearing.

(Document # 12, Exhibit 24 at ¶¶ 6(A)-(N)).

On or about October 27, 2004, Petitioner filed with the Pennsylvania Supreme Court an Application for Leave to File Original Process, along with another Petition for Writ of Habeas Corpus, essentially raising the same arguments as those raised in the habeas petition he filed with the trial court. (Document # 12, Exhibits 26 and 27b). On January 21, 2005, the Pennsylvania Supreme Court issued an Order denying Petitioner's habeas petition. (Document # 12, Exhibit 34).

On or about May 3, 2005, the trial court issued an Opinion dismissing Petitioner's first habeas corpus petition, without consideration of the merits, because the petition was filed *pro se*, while Petitioner was already represented by counsel with regard to his pending PCRA motion.

(Document # 12, Exhibit 40).

The instant habeas petition was filed with this Court on April 20, 2005, while Petitioner's PCRA motion was still pending before the trial court. The petition before this Court raises a number of claims, which may be summarized as follows:

1. Double Jeopardy;
2. Denial of Due Process;
3. Denial of Access to the Courts;
4. Malicious Prosecution;
5. Illegal Detention; and
6. Unlawfully Induced Guilty Plea.

Respondents filed an Answer to Petitioner's habeas petition asserting that Petitioner is not entitled to federal habeas review of the claims raised in his petition because he did not properly present those claims, or fully "exhaust" them, before the Pennsylvania courts. [Document # 10]. On June 9, 2006, this Court held an evidentiary hearing to determine whether Petitioner's claims were properly exhausted. Respondents subsequently filed a "Motion to Dismiss for Failure to Exhaust State Remedies" [Document # 20], asserting that Petitioner's habeas claims "w[ere] [not] afforded an opportunity to be resolved in the State's established appellate review process" because Petitioner's state court PCRA motion was still pending resolution in the Superior Court of Pennsylvania as of the date of Respondents' motion.[2] This matter is now ripe for consideration.

### B. Exhaustion

The doctrine of "exhaustion" requires a state prisoner to first present his federal

---

[2] During the evidentiary hearing that was held before this Court on June 29, 2006, Petitioner's counsel, Thomas Patton, Esquire, informed the Court that Petitioner's PCRA motion was dismissed by Judge Lobaugh on January 31, 2006. According to Attorney Patton, Petitioner appealed the dismissal of his PCRA motion to the Pennsylvania Superior Court, where the appeal remained pending as of the date of the hearing. (Document # 24, Hearing Transcript, at p. 14).

constitutional claims to the state courts before raising those claims in federal habeas court. Bond v. Fulcomer, 864 F.2d 306 (3d Cir. 1989). Although the requirement of exhaustion is not jurisdictional, it "should be strictly adhered to because it expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Landano v. Rafferty, 897 F.2d 661, 669 (1990). The requirement of exhaustion also recognizes the duty, and ability, of the state courts to uphold federal law, and serves the interest of ensuring a fully developed record in the state court. Id.

To comply with the exhaustion requirement, a state prisoner first must have fairly presented his federal constitutional claims to the state courts on direct appeal, collateral review, or some other available procedures for judicial review. See e.g., Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). Moreover, the petitioner must appeal any denial of those claims through the state's "established appellate review process" before exhaustion will be considered satisfied. O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999). In Pennsylvania, this requirement means that a petitioner in non-capital case must present every claim raised in his or her federal petition to both the Common Pleas Court and the Superior Court either on direct appeal, during PCRA proceedings, or through some other available procedure for review. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).[3]

Construed liberally, at least three of the federal constitutional claims that Petitioner raises in the instant petition were raised in his PCRA motion that was pending at the time the petition

---

[3] On May 9, 2000, the Supreme Court of Pennsylvania issued Order No. 218, which held that: "[W]e hereby declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing or allowance of appeal following an adverse decision by the Superior Court in order to be deemed to have exhausted all available state remedies respecting a claim of error." In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 (Pa. May 9, 2000). The Court of Appeals for the Third Circuit determined in Lambert that: "Order No. 218 serves to remove review of criminal and collateral appeals from the 'normal' and 'established' appellate review procedure in Pennsylvania….Order No. 218…makes the Pennsylvania Supreme Court's discretionary review system 'unavailable.' Consequently petitioners need not seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a 'full opportunity to resolve any constitutional claims.'" 387 F.3d at 233-34 (internal citations omitted).

was filed with this Court: Double Jeopardy, unlawfully induced guilty plea, and illegal detention. As of June 29, 2006, Petitioner's state court PCRA motion was still pending on appeal before the Pennsylvania Superior Court.[4] As a result, these claims were clearly not exhausted in the state courts before Petitioner filed the instant petition. Petitioner is not permitted to present issues to this Court that have not yet been finally resolved in the state courts. Since the instant petition contains, at least, three claims that have not been fully exhausted in the state courts, the petition should be dismissed. See Rose v. Lundy, 455 U.S. 509, 522 (1982)(holding that a district court must dismiss a petition containing both exhausted and unexhausted claims).[5]

### C. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

---

[4] This Court has not been notified by either party as to whether this appeal remains pending.

[5] This resolution does not imply that the other claims raised in the instant habeas petition - denial of due process, denial of access to the courts, and malicious prosecution - have been exhausted in the state courts. In fact, it appears from the record that none of these claims have ever been fairly presented to the state courts, either on direct appeal or collateral review. However, this Court does not find it necessary to enter a lengthy discussion of exhaustion and procedural default regarding these claims, since it is clear that the three claims that were included in Petitioner's PCRA motion were not fully exhausted at the time Petitioner filed this action and, to this Court's knowledge, remain pending on appeal before the Pennsylvania Superior Court.

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the claims raised in Petitioner's Petition for Writ of Habeas Corpus were fully exhausted at the time Petitioner filed this action. Accordingly, a certificate of appealability should be denied.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that Respondents' motion to dismiss for failure to exhaust state remedies [Document # 20] be granted, that the instant petition for writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

In accordance with the Magistrate Judges' Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: January 29, 2007