J. A31043/06

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br>Appellee | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| EDWARD J. McNATT,<br>Appellant | : | No. 808 WDA 2006 |

Appeal from the Order entered January 31, 2006,
in the Court of Common Pleas of Venango County, Criminal,
at Nos. CP182/1998, CP183/1998.

BEFORE:   HUDOCK, ORIE MELVIN and BENDER, JJ.

MEMORANDUM:                                Filed: November 2, 2006

Appellant appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. sections 9541-46 ("PCRA"). Upon review, we are constrained to vacate the PCRA court's order and remand the matter for further proceedings.

On September 15, 1998, Appellant entered a negotiated guilty plea to forgery and theft by deception. On October 20, 1998, the court sentenced Appellant to an aggregate term of thirty-two months' to twelve years' imprisonment. The guilty pleas stem from Appellant's theft of a checkbook from his former girlfriend's parents and passing checks in Venango County. Appellant did not file a direct appeal from the judgment of sentence.

On July 14, 2004, Appellant, acting *pro se*, filed the instant PCRA petition, his first. The PCRA court appointed William Cisek, Esquire, to represent Appellant. Thereafter, acting *pro se*, Appellant filed various

**PETITIONER'S EXHIBIT A**

Received Time Nov. 8. 2:50PM

J. A31043/06

motions, petitions and applications with the PCRA court and our Supreme Court. On January 21, 2005, the Supreme Court granted Appellant leave to file original process, and it denied Appellant's remaining filings in that court. Likewise, on May 3, 2005, the PCRA court ultimately dismissed, without consideration, the *pro se* filings before it because of Appellant's then-pending counseled PCRA petition. **See** PCRA Opinion, 5/4/05.

On August 8, 2005, Appellant, acting *pro se*, filed a motion to remove Attorney Cisek from representation, and, on October 21, 2005, the PCRA court held a hearing to resolve that motion. During the hearing, Attorney Cisek presented a no-merit letter to the court and requested to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). N.T. PCRA Hearing, 10/21/05, at 2. On December 19, 2005, the PCRA court entered an order issuing notice, pursuant to Pa.R.Crim.P. 907, of its intention to dismiss the petition without an evidentiary hearing and granting Attorney Cisek leave to withdraw from representation. Thereafter, the court entered an order on January 31, 2006, dismissing the petition. This timely appeal followed.

On appeal, Appellant raises several issues:

> I.  Was guilty and sentence counsel ineffective for forcing [Appellant] into a guilty plea knowing the forgery charges ... was a double jeopardy charge and knowing that no crimes were actually committed on August 6, 1997?

- 2 -

J. A31043/06

    II.    Was Venango County without subject matter jurisdiction when [Appellant] was never charged or arraigned for any crimes on August 6, 1997 and when no checks were issued to any business by [Appellant] on August 6, 1997?

    III.    Was [Appellant's] charge of forgery – unauthorized act in writing a double jeopardy sentence?

    IV.    Was there factual basis for the court to accept [Appellant's] guilty plea?

    V.    Was [Appellant] denied his right to appeal?

    VI.    Was PCRA counsel ineffective whereas he did not communicate with [Appellant], did not investigate the case and failed to comply with the requirements of "Finley?"

    VII.    Has [Appellant's] PCRA been timely filed whereas a new ruling was held to apply retroactively?

Appellant's Brief at 3-4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

At the outset, we must determine whether the instant petition is timely. Appellant's petition was filed on July 14, 2004; thus, it is governed by the 1995 amendments to the PCRA, which were enacted on November 17, 1995, and became effective sixty days later. ***Commonwealth v. Murray***, 753 A.2d 201, 202 (Pa. 2000). Under those amendments to the

- 3 -

J. A31043/06

PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S.A. section 9545(b)(1)(i)-(iii) applies. The time limitations imposed by the PCRA implicate our jurisdiction; therefore, they may not be altered or disregarded in order to address the merits of a petition. ***Id.*** Herein, Appellant's judgment of sentence became final on November 19, 1998, thirty days after it was imposed on October 20, 1998, and the period to file a direct appeal with this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, in order to comply with the filing requirements of the PCRA, Appellant's petition had to be filed by November 19, 1999. Hence, it is patently untimely.

Nevertheless, section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; and (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545 (b)(1)(i)-(iii). To invoke an exception, the petitioner must plead it and satisfy the burden of proof. ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261-62 (Pa. 1999). In addition, any exception must be raised within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

J. A31043/06

Herein, Appellant's *pro se* petition did not invoke any of the statutory exceptions to the PCRA time bar. On appeal, Appellant argues that the petition should be deemed timely filed pursuant to **Commonwealth v. Ellison**, 851 A.2d 977 (Pa. Super. 2004), because he alleges therein that his trial counsel failed to file a direct appeal. For the following reason, this assertion is unavailing.

Simply stated, Appellant's reliance upon our holding in **Ellison** is misplaced. In that case, this Court applied our Supreme Court's reasoning in **Commonwealth v. Liebel**, 825 A.2d 630 (Pa. 2003), and concluded that a petitioner was not required to demonstrate prejudice or the merits of his petition in claiming that his prior appellate counsel was ineffective in failing to file a petition for allowance of appeal. Significantly, however, our holding in **Ellison** does not permit Appellant to circumvent the PCRA time bar. Unlike Appellant's present assertion, the ineffectiveness claim that this Court addressed in **Ellison** stemmed from a claim raised in a timely filed PCRA petition. **See Ellison**, 851 A.2d at 978-979. Thus, **Ellison** is wholly inapposite, and Appellant's PCRA petition remains time barred.

We observe, however, that Appellant's brief also challenges PCRA counsel's effectiveness in seeking to withdraw pursuant to **Turner** and **Finley**. This Court has stated that claims of post-conviction counsel's ineffective assistance may be raised for the first time on appeal from the order denying post-conviction relief if it is the first opportunity the petitioner

- 5 -

J. A31043/06

is no longer represented by the attorney whose assistance is challenged. **See Commonwealth v. Lauro**, 819 A.2d 100, 108 (Pa. Super. 2003). Moreover, we note that this Court may review the PCRA court's decision to permit appointed counsel to withdraw to assure that the proper constraints have been followed. **Commonwealth v. Glover**, 738 A.2d 460, 464 (Pa. Super. 1999).

This Court, in **Commonwealth v. Merritt**, 827 A.2d 485, 487 (Pa. Super. 2003), explained the procedure to be observed when a PCRA counsel files a no-merit letter and seeks permission to withdraw as counsel:

> 1. PCRA counsel, in a "no-merit" letter, has detailed the nature and extent of his review;
>
> 2. PCRA counsel, in the "no-merit" letter, lists each issue the petitioner wishes to have reviewed;
>
> 3. PCRA counsel must explain, in the "no-merit" letter, why petitioner's issues are meritless;
>
> 4. The PCRA court must conduct its own independent review of the record; and
>
> 5. The PCRA court must agree with counsel that the petition is meritless.

**Merritt**, 827 A.2d at 487 (quoting **Glover**, 738 A.2d at 464) (citations omitted in original).[1]

---

[1] In addition, in **Commonwealth v. Friend**, 896 A.2d 607, 614-15 (Pa. Super. 2006), a panel of this Court recently addressed the necessary communication between court-appointed PCRA counsel seeking to withdraw from representing a PCRA petitioner and his client before the PCRA court may permit counsel to withdraw. This Court held that counsel must contemporaneously serve the petitioner with a copy of counsel's motion for

- 6 -

J. A31043/06

Herein, Attorney Cisek indicated that he reviewed the court file and the notes of testimony from the guilty plea colloquy and the sentencing hearing prior to determining that the claims raised in Appellant's *pro se* petition were meritless and that no other issues of arguable merit existed. The PCRA court reviewed Attorney Cisek's no-merit letter and found that it comported with the **Turner/Finley** requirements. In addition, the court conducted an independent review of the record and concluded that Appellant's claims lacked merit. **See** PCRA Court Opinion, 12/19/05, at 3, 4-15.

Significantly, however, we observe that neither Attorney Cisek's no-merit letter nor the PCRA court's opinion addresses the petition's apparent untimeliness. Thus, pursuant to **Commonwealth v. Perez**, 799 A.2d 848, 851-53 (Pa. Super. 2002), we are constrained to vacate the order denying post-conviction relief. In **Perez**, this Court addressed a similar issue and concluded that counsel appointed to assist a first-time petitioner with an apparently untimely petition was required to investigate whether the petition was untimely and determine whether one of the exceptions to the PCRA time bar applied. The **Perez** Court reasoned as follows:

---

leave to withdraw and a copy of the no-merit letter, as well as a statement advising the petitioner that, in the event the PCRA court grants counsel leave to withdraw, the petitioner has the right to proceed *pro se* or with the assistance of privately retained counsel. However, since this Court's ruling in **Friend** is to be prospectively applied, it does not apply to the case *sub judice*. **See Friend**, 896 A.2d at 615 n.11.

- 7 -

J. A31043/06

> When counsel is appointed to represent a petitioner on a PCRA petition that is untimely on its face, appointed counsel's first duty is to consider the timeliness of the appeal. *See [Commonwealth v.] Guthrie*, [749 A.2d 502 (Pa. Super. 2000)]; *[Commonwealth v.] Ferguson*, [722 A.2d 177 (Pa. Super. 1998)]. Appellant is entitled to have counsel's legal expertise and knowledge applied to this issue. *See generally id.* Counsel's failure to discuss the timeliness issue in any way rendered his representation virtually meaningless. *See [Commonwealth v.] Hampton*, [718 A.2d 1250 (Pa. Super. 1998)]; *Guthrie, supra; Ferguson, supra*. Therefore, Appellant was effectively denied the assistance of counsel on his first PCRA petition. *Id.* Nothing in this decision should be construed as creating another exception to the PCRA timeliness requirements. Our decision today is intended only to ensure that petitioners are afforded the assistance of counsel on all aspects of their first PCRA petition, especially the timeliness of such a petition.

*Perez*, 799 A.2d at 853.

Herein, Attorney Cisek's no-merit letter failed to acknowledge the PCRA time-bar, much less attempt to determine whether one of the enumerated exceptions apply. Hence, we conclude that the no-merit letter is inadequate. Accordingly, we vacate the PCRA court order denying relief and direct the PCRA court to either appoint new counsel to represent Appellant in litigating his first PCRA petition, or reinstate Attorney Cisek and direct him to address the PCRA time bar either in an amended PCRA petition or a revised no-merit letter.

Order reversed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

J. A31043/06

Judgment Entered:

*Eleanor R. Valecko*
Deputy Prothonotary

DATE: November 2, 2006

- 9 -