IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD JOSEPH McNATT,<br>Petitioner, | )<br>)<br>) | |
| | ) | CIVIL NO. 05 – 124 ERIE |
| | ) | |
| JUDGE OLIVER J. LOBAUGH,<br>Respondent. | )<br>)<br>) | District Judge McLaughlin |

**Respondent's Answer To Petitioner's Objections To Report**

**NOW COMES,** respondent Brenda J. Servidio, Esquire, Assistant District Attorney of Venango County, Pennsylvania and files a response to petitioner's objections to the Magistrate Judge's Report and Recommendation and respectfully represents to this Honorable Court that:

At petitioner's request, the Venango County Court of Common Pleas granted a motion to dismiss his PCRA petition on January 26, 2007. By his own actions, as was his prerogative and with knowledge of the consequences, the petitioner has placed himself in a position where he cannot raise claims in a second or subsequent PCRA. It can be argued that this crafty maneuver has placed the petitioner in the position where it appears as though he has exhausted state remedies. In fact, the petitioner is trying to sell that very idea in his Objections. The Respondent, however, strongly urges this Honorable Court not view his claims as having been fairly presented to the state courts because his actions are completely

contrary to the spirit and intent of the exhaustion requirement. Indeed, it is well settled that the doctrine of exhaustion be strictly adhered to for a variety of reasons and that a prisoner must fairly present his claims to the state courts. The respondent is unaware of any circumstances where it can be plausibly argued that the petitioner gave the state court one fair and full opportunity to resolve his claims. The petitioner withdrew his PCRA before the Court of Common Pleas could resolve the remanded issues. In essence, the petitioner seeks to set a precedent wherein every petitioner before the federal court on a Habeas Petition merely has to achieve state exhaustion of claims by withdrawing his PCRA outside the one (1) year allotted for perfecting a petition for post conviction relief. Sweet deal but not what the Courts envisioned when the exhaustion doctrine was carved out. Moreover, it can be logically argued that by withdrawing his PCRA, the petitioner was tacitly agreeing that his claims were completely without merit in fact and or law. This is so because what other rationale could one have (other than an attempted end run around the exhaustion requirement) for withdrawing a perceived legitimate request for relief?

Accordingly, for the reasons outlined above, the Respondent prays this Honorable Court deny any and all relief requested by the petitioner in his Objections, follow the recommendation of the Magistrate Judge, dismiss

the Petition for Writ of Habeas Corpus and deny a certificate of appealability.

                                                  Respectfully submitted,

                                                  s/ Brenda J. Servidio,
                                                  Brenda J. Servidio, Esquire
                                                  Counsel for Respondent
                                                  District Attorney's Office
                                                  Venango County Courthouse
                                                  P.O. Box 831
                                                  Franklin, PA 16323
                                                  (814) 432-9598
                                                  bservidio@co.venango.pa.us
                                                  PA 87263

Dated: March 02, 2007