IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD JOSEPH McNATT,<br>Petitioner, | )<br>)<br>) CIVIL NO. 05 – 124 ERIE<br>) |
| JUDGE OLIVER J. LOBAUGH,<br>Respondent. | )<br>) District Judge McLaughlin<br>) |

**RESPONSE TO PETITIONER'S MOTION TO
RECONSIDER MEMORANDUM ORDER**

**NOW COMES,** Respondent by attorney Brenda J. Servidio, Esquire, Assistant District Attorney of Venango County, Pennsylvania and files a response to petitioner's Motion to Reconsider Memorandum Order Adopting Magistrate Judge's Report and Recommendation and respectfully represents to this Honorable Court that:

A petition for writ of habeas corpus will not be granted to an individual incarcerated from a judgment of a state court unless the prisoner has first exhausted remedies available in state court. Lambert v. Blackwell, 134 F.3d 506 (3d Cir. 1998)(citing 28 U.S.C. §2254(b)(1)(A), *cert.denied.*, 532 U.S. 919 (2001); Zicarelli v. Gray, 543 F.2d 466 (3d Cir. 1976); Picard v. Connor, 404 U.S. 270 (1971). The state courts must be afforded one full opportunity to resolve constitutional issues after one complete round of the state's established appellate review process. Wenger v. Frank, 266 F.3d 218 (3d Cir. 2001) *cert.denied.*, 535 U.S. 957 (2002); Rose v. Lundy, 455 U.S. 509 (1982). Indeed, the burden is on the petitioner to prove the facts that entitile him to release from custody but he must also show that he has met all the procedural

requirements that entitle him to relief. Therefore, the petitioner is saddled with the task of proving exhaustion of state remedies. Lambert, 134 F.3d at 513.

It is McNatt's contention, as stated in his Objections to Magistrate Judge's Report and Recommendation, that since his PCRA petition has been dismissed upon his own motion, he has exhausted state court remedies. Presumably petitioner believes that 28 U.S.C. §2254(c) applies here.

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented.

Respondent reiterates that McNatt has failed to properly present his claims in state court and, therefore, the Pennsylvania Courts have not had one full opportunity to resolve his claims. One complete round of established appellate review has not occurred with regard to any of the claims that McNatt has presented. Wenger, 266 F.3d at 233. Since the petitioner did not fairly present his federal claims to Pennsylvania Courts, consideration of the claims in federal court by means of habeas corpus is barred because they have been procedurally defaulted. Cristin v. Brennan, 281 F.3d 404 (3d Cir. 2002). The procedural default doctrine "facilitates the proper review of the federal claims, for those claims 'that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in the review'". Cristin, 281 F.3d at 410 (quoting Lundy, 455 U.S. at 519).

There are exceptions to the procedural default doctrine as explained in Coleman v. Thompson, 510 U.S. 722 (1991) cert. denied., 123 S.Ct. 195 (2002). Federal habeas review is barred unless the prisoner can show cause for the default and real prejudice as a result of the violation of federal law. In the alternative, the state prisoner is required to

demonstrate that a failure to consider the claim will result in a miscarriage of justice. See Cristin, 281F.3d at 409. But to satisfy the cause and prejudice requirement a petitioner has to show (external to the defense) some objective reason he was prevented from complying with the state's procedural requirements. Coleman, 501 U.S. at 753. More difficult still, is that a miscarriage of justice generally is only found where the petitioner can demonstrate he is actually innocent and has new evidence he is innocent. Keller v. Larkins, 251 F.3d 408 (3d Cir. 2001). Additionally, a petitioner cannot blame counsel as cause for his default because pursuant to 28 U.S.C. §2254(i), ineffectiveness or incompetence of counsel during State or Federal collateral post-conviction proceedings are not grounds for relief in a proceeding under §2254.

Petitioner's evidence that he is innocent and that a miscarriage of justice occurred is based solely on the fact that the Information filed against him in the Venango County Court of Common Pleas criminal case number 183 of 1998 charges that "on or about Wednesday, the 6th day of August, 1997," he committed crimes. With respect to Count 5, theft by deception, a violation of §3922(a)(1) of the Pennsylvania crimes code a misdemeanor of the first degree, the underlying act of the theft itself is outlined in counts 1-4, i.e., issuing or passing bad checks. Thus, when viewed in its entirety, the information for CR NO. 183-1998 indicates that count 5, theft by deception, is based on the acts that occurred as alleged in counts 1-4 on the dates of 07/12/97, 07/14/97, 07/15/97 and 07/18/97. Each check has a specific date passed or issued. Petitioner states that he couldn't have committed the offense of theft by deception (petitioner erroneously refers to count 5 as theft by unlawful taking) because he was incarcerated in Lackawanna County Jail from July 20, 1997 through December 02, 1997. However, the dates the

checks were passed occurred prior to July 20, 1997. McNatt was aware of the contents of the information at the time of the plea colloquy and the facts alleged therein and was admitting to count 5 as substantially as charged because he had the information in front of him at the time of his plea. Transcript of Plea Colloquy dated 09/15/98 p. 12 and p. 14. During the colloquy McNatt even corrected defense counsel as to how the offense occurred and how and where the checks were signed. Id. At 14. Respondent discussed this very issue with Judge Baxter during the hearing before Judge Baxter. Transcript of Hearing before Judge Baxter, p. 38-40, 45-46. Variance on an Information does not create a miscarriage of justice and certainly in this case it is de minimis.

The Pennsylvania Courts have never had an opportunity to determine whether McNatt's claims were meritorious. He has made absolutely no showing of why he could not follow the procedural requirements. Nor does he offer any new evidence that he is, in fact, innocent or whether there is reasonable doubt as to his guilt. There has been no miscarriage of justice. Moreover, contrary to what the petitioner suggests, Respondent at no time conceded that the exhaustion requirement was met. Quite the opposite, respondent argued in Answer to Petitioner's Objections, that exhaustion (within its intended meaning) can't be achieved by withdrawing a PCRA outside the time allotted for perfecting a petition for post-conviction relief. Petitioner, to this day, is still able to file a motion for special relief with the Venango County Court of Common Pleas and have his PCRA reinstated.

Since none of petitioner's claims herein have yet to be exhausted and he is unable to show he falls within the exceptions to the procedural default doctrine which would excuse his default on PCRA appeal, respondent prays this Honorable Court deny

petitioner's motion to reconsider, follow the recommendation of the Magistrate Judge, dismiss the petition for writ of habeas corpus and deny a certificate of appealability.

                                                      Respectfully submitted,

                                                      s/ Brenda J. Servidio,___
                                                      Brenda J. Servidio, Esquire
                                                      Counsel for Respondent
                                                      District Attorney's Office
                                                      Venango County Courthouse
                                                      P.O. Box 831
                                                      Franklin, PA 16323
                                                      (814) 432-9598
                                                      bservidio@co.venango.pa.us
                                                      PA 87263

Dated:  APRIL 10, 2007