**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EDWARD JOSEPH MCNATT,     )

          Petitioner,     )

                       )     Civil Action No. 05-124 Erie

     v.                )

JUDGE OLIVER LOBAUGH, et al.,     )

          Respondents.     )

## <u>MEMORANDUM ORDER</u>

This habeas corpus action was received by the Clerk of Court on April 20, 2005, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate Judge's Report and Recommendation [Doc. No. 25], filed on January 29, 2007, recommended that Respondents' motion to dismiss for failure to exhaust state remedies [Doc. No. 20] be granted. The parties were allowed ten (10) days from the date of service to file objections. Service was made on Petitioner and on Respondents. Petitioner filed Objections on February 9, 2007 [Doc. No. 26].

In the Report and Recommendation, the Magistrate Judge recommended that Petitioner's habeas corpus petition be dismissed because he had failed to exhaust his state court remedies. Petitioner, at the time that he filed this action, had a PCRA petition pending before the Pennsylvania Superior Court which included claims also presented in the instant habeas petition. In his Objections, Petitioner informed the Court that he had voluntarily dismissed his PCRA petition and asserted that, consequently, he had exhausted his state remedies. We nonetheless adopted the Report and Recommendation, expressing doubt as to whether a Petitioner may properly exhaust his own claims by filing a voluntary dismissal in state court.

On March 27, 2007, Petitioner filed a Motion to Reconsider [Doc. No. 29], asserting that, although our Order cited the exhaustion doctrine as the basis for dismissal, a procedural default analysis would be more appropriate. Petitioner requests that this matter

be referred to Magistrate Judge Baxter so that he may be given an opportunity to argue that procedural default must be excused to avoid a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478, 495 (1986).

After reviewing the motion, we agree that Petitioner did not receive an opportunity to raise and argue that a fundamental miscarriage of justice would result if the procedural default doctrine is utilized to bar his claims.

AND NOW, this 17th day of May, 2007;

IT IS HEREBY ORDERED that the Petitioner's Motion for Reconsideration [Doc. No. 29] is GRANTED and this case be re-opened. It is further ordered that this matter be referred to Magistrate Judge Baxter for a Report and Recommendation addressing whether the doctrines of exhaustion and/or procedural default apply to Petitioner's claims and, in the case of the latter, whether dismissing those claims as procedurally defaulted would amount to a fundamental miscarriage of justice.

s/ Sean J. McLaughlin
United States District Judge

cm:   All parties of record
      Susan Paradise Baxter, U.S. Magistrate Judge