IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD JOSEPH McNATT, | ) | |
|           Petitioner, | ) | C.A. NO. 05 – 124 ERIE |
| | ) | |
| | ) | District Judge McLaughlin |
| JUDGE OLIVER J. LOBAUGH, | ) | Magistrate Judge Baxter |
|           Respondent. | ) | |

**RESPONDENT'S OPPOSITION TO PETITIONER'S OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

**AND NOW**, comes the Respondent, by Brenda J. Servidio, Esquire, Assistant District Attorney of Venango County, Pennsylvania and files opposition to objections to the Magistrate Judges Report and Recommendation:

Response to Petitioner's Objections

Respondent opposes Petitioner McNatt's conclusion that counsel's representation fell below an objective standard of reasonableness causing prejudice as a result of ineffective assistance. While Petitioner's baseball analogy is entertaining, it provides no guidance with respect to what exactly makes a defense attorney objectively reasonable and effective in assistance. It's McNatt's contention that a good defense attorney, like a good baseball player, will go all out to achieve their goal even when they know they'll only be successful 1% of the time. With that in mind, however, based on Petitioner's analogy, it is proper to expect an objectively reasonable defense attorney to take everything to trial no matter that 99% of the time the client will not benefit. Certainly, the truth is that not every prosecutor is Don Mattingly in skill. Therefore, defense

attorneys will never know when the prosecutor will drop the ball. For all anyone knows, the prosecutor could drop the ball in closing argument at trial resulting in a mistrial and not trying the case again. For, as it is often acknowledged, it ain't over till the fat lady sings. It follows then that going to trial in every case is akin to running hard to the ultimate goal of having a client's charges either: (1) dropped; or (2) the client acquitted. Are we to conclude that objectively reasonable defense attorneys take every case to trial. If they don't, are defense attorneys providing ineffective assistance when they arrive at a plea agreement. Are we really to accept that if a defense attorney doesn't take the case to trial the attorney is the prosecutor's lackey. Surely that can't be Petitioner's belief.

The fact is Petitioner's baseball analogy is unhelpful in outlining what actions demonstrate effective vs. ineffective counsel. Running hard to first base every time wouldn't always effectuate a clients interests but it would raise the bar for your average everyday objectively reasonable Joe defense attorney to hurdle. Few would accomplish the task. The reality is defense attorneys make judgment calls, balancing and weighing various issues and nuances such as the likelihood of a positive result given the evidence, the client himself, the defenses available, etc. The list is long and probably varies in the order of importance from attorney to attorney.

It is, however, well settled that in analyzing a challenge to guilty pleas questioning the effectiveness of counsel <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) is the stringent standard to follow and not baseball antics. The defendant bears a heavy burden in proving a claim of ineffective assistance of counsel because, among other things, when evaluating counsels decisions a highly deferential standard is applied. The standard requires the defendant to show: (1) counsel's performance was deficient, i.e., fell below

2

an objective standard of reasonableness; and (2) the deficiency was prejudicial to defense inasmuch as there is a reasonable probability that absent this ineffectiveness the result would have been different. Also, isolated shortcomings do not make counsel ineffective; It is the representation as a whole that matters. Id. at 689-96.

In the case *sub judice*, McNatt is asking the court to suspend its disbelief that the plea in both case number 182 of 1998 and 183 of 1998 were not worked out together. The plea form itself indicates otherwise with both cases addressed together on one form with one statement nol prossing counts from both cases and one statement addressing restitution on both cases. (SCR No. 4). Petitioner is also asking the court to suspend its disbelief when he alleges that Pennsylvania's merger doctrine would lower the potential maximum time of imprisonment. He is mistaken. The bad checks, theft by deception and forgery counts would not merge for sentencing and to suggest otherwise would defeat the purpose of protecting the various interests involved in each crime because merger analysis proceeds on the basis of its facts. Commonwealth v. Comer, 650 A.2d 593 (Pa. 1998). McNatt also asks the court to suspend its disbelief that the defendant was unaware that the information for case number 183 of 1998 set forth that "on or **about** Wednesday, the 6th day of August 1997" he did commit the crimes as set forth therein. Petitioner had the informations in front of him at the time he entered his gulty plea to count 5. (Petitioner's Exhibit B p.12 line 18-22). The court at that time also informed Petitioner of the date the crimes were alleged to have occurred. Specifically, August 6, 1997. Petitioner acknowledged same. (Id. at 13-14). Notably, the Court asked McNatt if he was "confessing to these offenses as **substantially** as they are charged?" and McNatt replied affirmatively. (Id. At 14 line 5-8)(emphasis added).

3

In Commonwealth v. Murgallis, 753 A.2d 870 (Pa.Super.2000), the court addressed variance between the information and the proof presented at trial. The Murgallis court instructed that variance is irrelevant and not a case killer as long as the defendant has adequate notice of the nature of the crime and it does not cause prejudicial surprise. Id. (citing Commonwealth v. Lohr, 468 A.2d 1375 (Pa. 1983); Commonwealth v. Johnson, 719 A.2d 778, 783, n.4(Pa.Super.1998). Variance in an information is dealt with on a regular basis by the state courts. The response by the courts to a variance in an information is simply to conform the information to the facts as presented at the time of trial. Accordingly, Respondent maintains that the outcome of case number 183 of 1998 would not have been any different. Indeed, Petitioner's argument to the contrary is weakened by the fact that the specific check numbers, the dates the checks were passed and the amounts of the checks were listed in counts 1-4 of information 183 of 1998 and formed the basis for count 5 to which defendant pled guilty. Petitioner would have been unable to argue prejudicial surprise given that he was admitting to committing the acts as described in counts 1-4.

Conclusion

McNatt's attorney demonstrated representation that is well within an objective standard of reasonableness. McNatt was not prejudiced by the actions of his counsel given that counsel engaged in reasonable and prudent behavior that effectuated his client's interests. Hence, Petitioner was effectively assisted by counsel. Respondent respectfully prays this Honorable Court should adopt Judge Baxter's proposed findings of

fact and conclusions of law, and that a certificate of appealability be denied.

                                                  Respectfully submitted,

                                                  /s/ Brenda J. Servidio
                                                  Brenda J. Servidio, Esquire
                                                  Counsel for Respondent
                                                  District Attorney's Office
                                                  Venango County Courthouse
                                                  Franklin, PA 16323
                                                  814-432-9598
                                                  bservidio@co.venango.pa.us
Dated: August 30, 2008                      PA 87263